In the Matter of ROBERT KORN, JR., Petitioner, v NEW YORK STATE HUMAN RIGHTS APPEAL BOARD et al., Respondents.

Third Department, November 9, 1978

### APPEARANCES OF COUNSEL

*Robert Korn, Jr.,* petitioner *pro se.*

*Muriel Bell* for Beechnut-Lifesavers, Inc., respondent.

### OPINION OF THE COURT

MAIN, J.

On August 4, 1977 petitioner filed with the State Division of Human Rights a complaint charging respondent Life Savers, Inc., with unlawful discriminatory practice relating to his employment in violation of the Human Rights Law. After preliminary investigation, the State division dismissed the complaint for lack of probable cause, and this dismissal was affirmed by the State Human Rights Appeal Board following a

hearing at which petitioner appeared and argued on his own behalf.

Basically, the underlying facts are as follows: Petitioner was hired on June 15, 1977 as a factory worker at the candy manufacturing plant operated by Life Savers, Inc., in Canajoharie, New York and assigned the job of production cleaner. Shortly after commencing work, however, he informed his supervisors that he could not remain in the position because it required continual standing which he could not do because he had knee trouble. When told that this was the only work available for him and that he must continue as a production cleaner, he considered this an unjust response to his problem and complained to the State Division of Human Rights. Thereafter, relations between the parties deteriorated, and petitioner persisted in his demands for different working conditions and ultimately was terminated on June 27, 1977. The instant proceeding ensued.

Seeking a reversal of the dismissal of his complaint, petitioner now contends that Life Savers, Inc., unlawfully discriminated against him because of his disabling knee condition and in retaliation because of his original complaint to the State Division, but we find that the order of the appeal board should be sustained. Our examination of the record leads us inexorably to the conclusion that the employer's conduct toward petitioner was devoid of any discriminatory action or intent. Petitioner was hired and assigned to the position of production cleaner only after he had indicated in his job application that he had no chronic ailment or physical handicap such as would prevent him from doing any kind of work. When he later indicated that he was physically unable to perform the duties of a production cleaner and demanded a job which involved alternate sitting and standing, it appears that there was no such work available and that, even if there had been, it would have gone to an employee with more seniority than petitioner pursuant to bidding procedures embodied in the applicable union contract.

Claimant's physical condition was clearly related to his ability to engage in the work activity for which he was hired (see Executive Law, § 292, subd 21) and, under these circumstances, it was plainly not discriminatory for the employer to insist that petitioner work as a production cleaner or else be terminated. Accordingly, substantial evidence supports the determination of no probable cause.

Furthermore, a perusal of the record herein also establishes that the State Division's investigation of the complaint was sufficient and that petitioner was given ample opportunity to present his case. Such being the case, the order of dismissal should be affirmed (cf. *Matter of Taber v New York State Human Rights Appeal Bd.,* 64 AD2d 990).

The determination should be confirmed, and the petition dismissed, without costs.

MAHONEY, P. J., GREENBLOTT, SWEENEY and STALEY, JR., JJ., concur.

Determination confirmed, and petition dismissed, without costs.