■ In the Matter of WILLIAM G. HALPIN, Petitioner, v STATE HUMAN RIGHTS APPEAL BOARD et al., Respondents.—Proceeding instituted in this court pursuant to section 298 of the Executive Law to review a determination of the State Human Rights Appeal Board, dated November 7, 1977, which affirmed an order of the State Division of Human Rights finding no probable cause to believe that respondent Norton Company was guilty of an unlawful discriminatory practice based on either age or physical disability. Petitioner's complaint alleging that respondent Norton Company discriminated against him on the basis of age and disability when it terminated his employment was dismissed by the State Division of Human Rights after an investigation disclosed that there was no probable cause to support such a claim. This determination, which was affirmed by the respondent State Human Rights Appeal Board, must be confirmed. Redress under the Human

Rights Law is afforded to employees only when they allege discrimination based on certain proscribed criteria (Executive Law, § 296). Petitioner's complaint alleges that he was unable to work due to an ulcer and was thus fired before becoming eligible for increased retirement benefits. Assuming the truth of petitioner's allegations, his claim regarding discrimination on the basis of disability lacks merit as a matter of law since disability is defined to mean "physical, mental or medical conditions which are *unrelated* to the ability to engage in the activities involved in the job" (Executive Law, § 292, subd 21; emphasis supplied). A condition which prevents an employee from reporting to work is certainly related to the employee's ability to perform the job and employer action motivated by such a condition is permissible (see *Matter of Moscatiello v New York State Human Rights Appeal Bd.,* 65 AD2d 904). Petitioner's claim that he was discriminated against on the basis of age is unsupported by the record. The finding by the State Division of Human Rights that petitioner was discharged due to the fact that his over-all record was unsatisfactory is supported by sufficient evidence on the record as a whole and is thus conclusive (Executive Law, § 298; *City of Schenectady v State Div. of Human Rights,* 37 NY2d 421, 424). Petitioner's contention that the investigative and appellate stages of this proceeding denied him due process and equal protection is without merit. Determination confirmed, and petition dismissed, without costs. Mahoney, P. J., Greenblott, Kane, Main and Mikoll, JJ., concur.