■ In the Matter of RITA MOSCATIELLO, Petitioner, v NEW YORK STATE HUMAN RIGHTS APPEAL BOARD et al., Respondents.—Proceeding instituted in this court, pursuant to section 298 of the Executive Law, to review a determination of the State Human Rights Appeal Board, dated April 17, 1978, which affirmed an order of the State Division of Human Rights dismissing petitioner's complaint due to lack of probable cause. Petitioner, who began working for respondent Norton Company in 1959, had been continuously absent from work on sick leave since November of 1973 due to a disability which stemmed from an alleged assault and a later automobile accident. On July 8, 1975 she was terminated from her employment, and on June 21, 1976 she filed a complaint with the State Division of Human Rights, charging that she was unlawfully discharged because of her disability. The State Human Rights Appeal Board affirmed the division's dismissal of her complaint due to lack of probable cause. Petitioner then instituted this proceeding, contending that the division failed to adequately investigate the allegations of her complaint and that it failed to conduct a hearing to determine whether an unlawful discrimination based upon disability had occurred. Section 296 of the Executive Law makes it an unlawful discriminatory practice for an employer to discharge an individual because of a "disability". The term "disability" is limited by subdivision 21 of section 292 of the same law to "physical, mental or medical conditions which are unrelated to the ability to engage in the activities involved in the job or occupation which a person claiming protection of this article shall be seeking: (see *Matter of Korn v New York State Human Rights Appeal Bd.,* 64 AD2d 308). Although petitioner was disabled at the time of her discharge from employment, nowhere is there an allegation that her disability was "unrelated" to her job activities. On the contrary, the record unequivocally reveals that petitioner's disability prevented her from working for respondent (see *Matter of Halpin v State Human Rights Appeal Bd.,* 65 AD2d 898). Under these circumstances, petitioner's complaint lacked merit as a matter of law, and, therefore, a confrontation conference or hearing was unnecessary (see *State Div. of Human Rights v Bond, Schoeneck & King,* 52 AD2d

1045). We finally point out that the failure to hold a confrontation conference will not render an investigation inadequate "where the complainant has otherwise been given a full opportunity to present his case and rebut evidence submitted by respondent" *(Matter of Taber v New York State Human Rights Appeal Bd., 64 AD2d 990, 991)*. Here, petitioner has been fully accorded an opportunity to present all relevant facts, and to be heard on all pertinent issues. Determination confirmed, and petition dismissed, without costs. Mahoney, P. J., Greenblott, Kane, Main and Mikoll, JJ., concur.