■ In the Matter of CAROL R. SILK, Petitioner, v HUCK INSTALLATION AND EQUIPMENT DIVISION, Respondent. — Levine, J. Proceeding initiated in this court pursuant to Executive Law § 298 to review a determination of the State Division of Human Rights, dated June 10, 1983, which dismissed petitioner's complaint of an unlawful discriminatory practice based on physical disability.

Petitioner was employed by respondent as a secretary/clerk when, on December 15, 1979, she was injured in an automobile accident. Thereafter, she suffered from a condition diagnosed as cervical and lumbar strain which caused her to be frequently absent from work. She was absent on sick leave from the date of the accident to January 15, 1980. She then took a leave of absence from the latter date until March 4, 1980. Petitioner returned to work in March 1980, but persisted in taking frequent days off. In all, she was absent from work a total of 68½ days in 1980 and 11 days in 1981, prior to her dismissal in August 1981. She was also late to work 42 days in 1980 and 6 days in 1981.

Petitioner was warned by her supervisor on at least four occasions that her rate of attendance was unacceptable. In an effort to give petitioner added incentive to improve her attendance, respondent gave petitioner a promotion and a pay raise on March 2, 1981, advising her that attendance in her new position was a "critical requirement". However, since petitioner's attendance level continued to be erratic, she was discharged on August 28, 1981. Petitioner then filed a complaint with the State Division of Human Rights, alleging that her dismissal by respondent constituted an unlawful discriminatory practice based on her physical disability. The Division dismissed the complaint following an investigation for lack of probable cause. The instant proceeding ensued.

While Executive Law § 296 (1) (a) makes it an unlawful discriminatory practice for an employer to discharge an individual because of a "disability", the term "disability" is "limited to disabilities which do not prevent the complainant from performing in a reasonable manner the activities involved in the job or occupation" (Executive Law § 292 [21], as amended by L 1983, ch 902, § 1). Here, the record discloses that petitioner's physical disability did prevent her from doing her job in a reasonable manner since it caused her to miss an unacceptably high number of days of work in a job that required consistently good attendance (*see, Matter of Moscatiello v New York State Human*

*Rights Appeal Bd.,* 65 AD2d 904, *lv denied* 46 NY2d 712). Accordingly, respondent's dismissal of petitioner due to her frequent absenteeism did not constitute an unlawful discriminatory practice (*see, Matter of Halpin v State Human Rights Appeal Bd.,* 65 AD2d 898, 899, *lv denied* 47 NY2d 705).

Petitioner's contention that the investigation conducted by the Division was biased and inadequate is belied by the record and is, accordingly, rejected.

Determination confirmed, and petition dismissed, without costs. Mahoney, P. J., Main, Casey, Yesawich, Jr., and Levine, JJ., concur.