■ Christine McAuliffe, Respondent, v Taft Furniture Warehouse & Showroom, Ltd., Appellant.—Mikoll, J. Appeal

from a judgment of the Supreme Court in favor of plaintiff, entered June 19, 1984 in Schenectady County, upon a verdict rendered at Trial Term (Graves, J.).

Plaintiff commenced this action alleging that she was wrongfully discharged in violation of Executive Law § 296 in that she was discriminated against by her employer due to a disability. The jury returned a verdict for $140 in compensatory damages and punitive damages in the amount of $25,946.33.

The purpose of Executive Law § 296 is to prevent discrimination against persons suffering from a disability but who can be or are productive workers. The term disability is limited to those stated conditions "which do not prevent the complainant from performing in a reasonable manner the activities involved in the job or occupation sought" (Executive Law § 292 [21]).

In the instant case, plaintiff was injured in a nonjob-related auto accident on June 5, 1980. She was discharged by defendant on July 29, 1980 by letter, which stated that she was discharged due to her absence since June 5, 1980 for alleged medical reasons. Defendant indicated that it could no longer hold her position open and that she might reapply for work with them in the future. The type of injury which prevented plaintiff from working is not the disability contemplated under the Executive Law (see, Executive Law §§ 296, 292).

Plaintiff's complaint, bill of particulars and testimony as to her injuries indicated that she was unable to work because of her injuries. Defendant's firing of her did not fall within the parameters of Executive Law § 296. That statute is not intended to hamper an employer in the conduct of its business. An employer is free to discharge employees who are employees at will. This plaintiff was an employee at will, not protected by any employment contract and thus subject to dismissal. The statute specifically provides that it shall not be construed "to prevent the termination of the employment of any person who is physically unable to perform his duties" (Executive Law § 296 [3-a] [g]). Under the theory of plaintiff's complaint, she did not make out a cause of action under the statute.

Neither is plaintiff's complaint saved by her attempt to hinge her cause of action under Executive Law § 296 on the motion granted to her at the end of her case to amend her pleadings to conform to her proof. She alleged for the first time at trial that she informed defendant's manager that she

would return to work on August 1 or August 4, 1980 and was expected to be recovered from her disability then. We note that her testimony indicated that she was able to work for one week before her condition worsened and she became disabled once again. Her demand for lost wages was reduced from $11,348 to $140. Accepting plaintiff's contention about her willingness to return to work on August 1, 1980 as true, defendant was entitled nonetheless to discharge her at will if he chose not to keep her on as an employee. In view of such finding, we decline to address the other issues raised by defendant.

Judgment reversed, on the law, without costs, and complaint dismissed. Mahoney, P. J., Kane, Mikoll, Levine and Harvey, JJ., concur.