■ NANCY A. GIAQUINTO, Appellant, v NEW YORK TELEPHONE COMPANY, Respondent.—Harvey, J. Appeal from an order of the Supreme Court (Walsh, Jr., J.), entered May 23, 1986 in Montgomery County, which granted defendant's motion for summary judgment dismissing the complaint.

Defendant has had in effect since 1964 an absence control plan. Under the plan, dismissal is mandated when an employee has had excessive absences. It does not matter that the absences might have been for legitimate reasons. Plaintiff was absent from work for 49 days during the first half of 1981. These absences, together with her substantial number of absences in prior years, resulted in her total absences exceeding the number allowed by defendant's plan. Plaintiff was thus terminated from her employment with defendant in July 1981. It is undisputed that the absences were caused by various illnesses for which plaintiff had spent time in the hospital. Plaintiff subsequently commenced this action alleging that she was discriminated against due to a disability in violation of Executive Law article 15. Following discovery, defendant moved for summary judgment dismissing plaintiff's complaint. The motion was granted and this appeal ensued.

It is unlawful to discriminate against or to discharge an individual because he or she has a "disability" (Executive Law § 296 [1] [a]). The law is designed to prevent discrimination

against a person who has a disability but who is or can be a productive worker *(McAuliffe v Taft Furniture Warehouse & Showroom,* 116 AD2d 774, 775). However, if the individual's disability actually prevents him from performing his job in a reasonable manner, then a discharge from employment because of his poor work performance does not constitute unlawful discrimination (Executive Law § 292 [21]; *Matter of Silk v Huck Installation & Equip. Div.,* 109 AD2d 930; *see, Matter of Schmitt v Kiley,* 124 AD2d 661, 662-663).

Here, plaintiff had instituted an absence control plan because good employee attendance was necessary for it to effectively provide its communication services 24 hours per day, 365 days per year. It is undisputed that plaintiff was absent from work an unacceptably high number of days. Since plaintiff's condition was preventing her from reasonably performing her tasks, defendant's decision to dismiss her was not unlawful discrimination *(see, Matter of Halpin v State Human Rights Appeal Bd.,* 65 AD2d 898, 899, *lv denied* 47 NY2d 705).

Plaintiff's remaining contentions, including her assertions that defendant unlawfully deviated from its absence control plan and that defendant failed to submit adequate papers to support its motion for summary judgment, have been considered and found meritless.

Order affirmed, with costs. Kane, J. P., Main, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.