■ In the Matter of LEO SIMMONS, Petitioner, v NEW YORK STATE DIVISION OF HUMAN RIGHTS et al., Respondents.—Proceeding pursuant to Executive Law § 298 to review a determination of the respondent New York State Division of Human Rights, dated December 29, 1989, which found that there was no probable cause to believe that the respondent had engaged in unlawful discriminatory practices.

Adjudged that the proceeding is dismissed, with costs to the respondent Societe Internationale de Telecommunications Aeronautiques.

Although we note that it appears that no hearing was held pursuant to law, and consequently that this proceeding was improperly transferred to this Court by the Supreme Court, Suffolk County *(see,* Executive Law § 298), we will nonetheless determine the issues presented *(see, Matter of 125 Bar Corp. v State Liq. Auth.,* 24 NY2d 174; *Matter of D'Ornellas v Ortiz,* 119 AD2d 459).

We find that this petition must be dismissed on the ground that it was not timely filed with the Supreme Court pursuant to Executive Law § 298, which requires that the proceeding be instituted within 60 days of the service of the order dismissing the complaint. Although the order of the respondent New York State Division of Human Rights dismissing the complaint was dated and mailed on December 29, 1989, the petition was not filed with the Supreme Court until April 2, 1990, more than three months later.

In any event, we find that the determination of the New York State Division of Human Rights that there was no

probable cause to believe that the respondent Societe Internationale de Telecommunications Aeronautiques engaged in unlawful discriminatory practices was amply supported by the record *(see, Matter of Schmitt v Kiley,* 124 AD2d 661; *Giaquinto v New York Tel. Co.,* 135 AD2d 928; *Matter of Silk v Huck Installation & Equip. Div.,* 109 AD2d 930; *Matter of Vadney v State Human Rights Appeal Bd.,* 93 AD2d 935). Bracken, J. P., Sullivan, Copertino and Santucci, JJ., concur.