■ CARL E. CLARK, Respondent-Appellant, v CARGILL, INC., FLOUR MILLING DIVISION, Appellant-Respondent. [615 NYS2d 210] —Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Supreme Court erred in denying defendant's motion for summary judgment dismissing the first cause of action alleging that, in discharging plaintiff from employment, defendant unlawfully discriminated against him because of his disability in violation of Executive Law § 296 (1) (a). A physical condition that prevents an employee from reporting to work and that requires an employee to miss an unacceptably high number of days of work is not a disability within the meaning of Executive Law § 292 (21) *(see, Giaquinto v New York Tel. Co.,* 135 AD2d 928, *lv denied* 73 NY2d 701; *Matter of Schmitt v Kiley,* 124 AD2d 661, *lv denied* 69 NY2d 612; *McAuliffe v Taft Furniture Warehouse & Showroom,* 116 AD2d 774, *lv denied* 67 NY2d 609; *Matter of Silk v Huck Installation & Equip. Div.,* 109 AD2d 930).

The court properly denied defendant's motion for summary judgment dismissing the second cause of action alleging that the disparate treatment and eventual discharge of plaintiff from employment constituted unlawful racial discrimination in violation of Executive Law § 296 (1). Although plaintiff is collaterally estopped from challenging factual findings made by an arbitrator and by an Administrative Law Judge in prior quasi-judicial proceedings regarding the accumulation of sufficient points to justify the discharge of plaintiff pursuant to defendant's absenteeism policy *(see, Allied Chem. v Niagara*

*Mohawk Power Corp.*, 72 NY2d 271, *cert denied* 488 US 1005; *Ryan v New York Tel. Co.*, 62 NY2d 494; *cf., Staatsburg Water Co. v Staatsburg Fire Dist.*, 72 NY2d 147), factual issues nevertheless remain concerning the alleged disparate treatment of plaintiff during employment and whether his discharge pursuant to the absenteeism policy constituted a pretext for racial discrimination. Those issues were not raised during either of the prior quasi-judicial proceedings. Thus, we modify the order appealed from to grant defendant's motion for summary judgment dismissing the first cause of action. (Appeals from Order of Supreme Court, Erie County, Flaherty, J.—Summary Judgment.) Present—Green, J. P., Balio, Fallon, Callahan and Davis, JJ.