■ In the Matter of DIANA RIKLIS, Petitioner, v BOARD OF ZONING APPEALS OF TOWN OF HEMPSTEAD, Respondent, and GERALD KESTENBAUM, Intervenor. [662 NYS2d 602] —Proceeding pursuant to CPLR article 78 to review a determination of the Board of Zoning Appeals of the Town of Hempstead, dated March 29, 1995, which granted the intervenor's application for a variance.

Adjudged that the determination is confirmed, and the proceeding is dismissed on the merits, with costs.

We note there was no hearing held pursuant to Town Law § 267-c (4) and CPLR article 78, and therefore this proceeding was improperly transferred here by the Supreme Court, Nassau County. In the interest of judicial economy, we will nonetheless determine the question presented (*see*, Town Law § 267-c [4]; CPLR 7803 [4]; *Matter of Simmons v New York State Div. of Human Rights*, 188 AD2d 475).

Contrary to the petitioner's contention, the record demonstrates that the respondent Board of Zoning Appeals of the Town of Hempstead properly balanced the benefits to the applicant against the detriment to the health, safety, and welfare of the neighborhood or community (*see*, Town Law § 267-b [3]; *Matter of Sasso v Osgood*, 86 NY2d 374; *Matter of Malin v Leibowitz*, 229 AD2d 580) in granting the intervenor's application for a front-yard setback. The request for a 15.14-foot setback where a 25-foot setback was required was not a substantial variance considering that setbacks in the area, and on the avenue in question, were between 12 feet and 13.4 feet.

The petitioner's remaining contentions are without merit. Bracken, J. P., Copertino, Sullivan and McGinity, JJ., concur.