■ NILSA FERRANDINO, Appellant, v ALVIN J. BART & SONS, INC., et al., Respondents. [668 NYS2d 99] —In an action, *inter alia*, to recover damages for sexual harassment, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Nassau County (Franco, J.), dated December 16, 1996, as granted the defendants' motion pursuant to CPLR 3211 (a) (7) to dismiss the amended complaint.

Ordered that the order is modified, on the law, by deleting the provision thereof granting that branch of the defendants' motion which was to dismiss the plaintiff's first through fourth causes of action insofar as those causes of action are asserted against the individual defendant Alvin J. Bart and the corporate defendant Alvin J. Bart & Sons, Inc., and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

The plaintiff's first four causes of action allege *quid pro quo* and hostile work environment sexual harassment under the New York State Human Rights Law (Executive Law § 290 *et seq.*) and the New York City Human Rights Law (Administrative Code of City of NY § 8-101 *et seq.*) against the corporate defendants Alvin J. Bart & Sons, Inc., and A.J. Bart, Inc., and the individual defendants Alvin J. Bart and his sons Richard and Ira Bart. The plaintiff's fifth cause of action alleges the intentional infliction of emotional distress against the corporate defendants and the individual defendant Alvin J. Bart.

It is well settled that on a motion to dismiss a complaint pursuant to CPLR 3211 (a) (7) for failure to state a cause of action, the pleading is to be liberally construed, accepting all the facts alleged in the complaint to be true and according the plaintiff the benefit of every possible favorable inference (*see, Leon v Martinez*, 84 NY2d 83, 87; *Rotanelli v Madden*, 172 AD2d 815, 816). The issue is whether the plaintiff has stated a cause of action and not whether he or she may ultimately be successful on the merits (*see, Stukuls v State of New York*, 42 NY2d 272, 275; *Detmer v Acampora*, 207 AD2d 475; *Greenview Trading Co. v Hershman & Leicher*, 108 AD2d 468, 470).

Applying these principles to the case at bar, the Supreme Court erred when it granted the defendants' motion in its entirety, dismissing the complaint insofar as it was asserted against the corporate defendant Alvin J. Bart & Sons, Inc., and the individual defendant Alvin J. Bart (*see, Aronson v Wiersma*, 65 NY2d 592, 594).

We agree, however, that the complaint failed to state a cause

of action for intentional infliction of emotional distress. While some of the conduct alleged is questionable, the plaintiff failed to allege facts warranting the conclusion that it was either so extreme in degree as to go beyond all possible bounds of decency, or that it was utterly intolerable in a civilized community (*see*, Restatement [Second] of Torts, § 46, comment *d*; *Murphy v American Home Prods. Corp.*, 58 NY2d 293, 303; *see also, Howell v New York Post Co.*, 81 NY2d 115; *Freihofer v Hearst Corp.*, 65 NY2d 135). Miller, J. P., O'Brien, Copertino and McGinity, JJ., concur.