■ KUMCHA SHERMAN, Appellant, v CHARLIE KANG, Individually and Doing Business as GENESEE 1 HOUR CLEANERS, Also Known as GENESEE 1 HOUR DRY CLEANERS, Also Known as GENESEE DRY CLEANERS, Also Known as GENESEE 1-HOUR CLEANERS AND LAUNDERERS, et al., Respondents. [713 NYS2d 597] —Order and judgment unanimously affirmed without costs. Memorandum: Supreme Court properly granted defendants' motion for summary judgment dismissing the complaint. Plaintiff commenced this action alleging that defendants unlawfully discriminated against her by discharging her from employment because of her disability in violation of Executive Law § 296 (1) (a). The Human Rights Law limits the term "disability" to those stated disabilities that "do not prevent the complainant from performing in a reasonable manner the activities involved in the job or occupation sought or held" (Executive Law § 292 [21]). "The law is designed to prevent discrimination against a person who has a disability but who is or can be a productive worker" (*Giaquinto v New York Tel. Co.*, 135 AD2d 928, 928-929, *lv denied* 73 NY2d 701; *see, McAuliffe v Taft Furniture Warehouse & Showroom*, 116 AD2d 774, 775, *lv denied* 67 NY2d 609). In support of their motion, defendants submitted evidentiary proof in admissible form establishing that, within a few days after she was fired for poor work performance, plaintiff applied for workers' compensation benefits claiming that she was totally disabled and unable to work based upon a back injury sustained during the course of her employment. Defendants also submitted copies of reports that plaintiff's doctors filed in the workers' compensation proceeding stating that plaintiff was totally disabled as of July 1995. In opposition to the motion, plaintiff failed to produce eviden-

tiary proof in admissible form sufficient to raise a triable issue of fact whether she was disabled within the meaning of Executive Law § 292 (21). Plaintiff cannot contend that she was entitled to workers' compensation benefits on the ground that she was totally disabled and, at the same time, contend that her "disability" was within the protection of Executive Law § 292 (21), i.e., that it did not prevent her from performing in a reasonable manner the activities involved in the job that she held (*see, Matter of AT&T Bell Labs. v New York State Div. of Human Rights*, 213 AD2d 230, 231). (Appeal from Order and Judgment of Supreme Court, Onondaga County, Elliott, J.— Summary Judgment.) Present—Pigott, Jr., P. J., Wisner, Scudder and Lawton, JJ.