■ MARIA DANTONIO, Respondent-Appellant, v KALEIDA HEALTH, Formerly Known as BUFFALO GENERAL HOSPITAL, Appellant-Respondent. (Appeal No. 2.) [732 NYS2d 322] —Judgment unanimously reversed on the law without costs, defendant's motion granted and amended complaint dismissed. Memorandum: Plaintiff commenced this action alleging that defendant, her former employer, unlawfully discriminated against her by discharging her based on her disability. Following a jury trial, plaintiff was awarded approximately $545,000 in damages for past and future lost wages and benefits and pain and suffering. Defendant contends that, as a matter of law, plaintiff is not disabled within the meaning of Executive Law § 292 (former [21]) and thus is barred from recovering for employment discrimination under Executive Law § 296 (1) (a) and former (3-a) (g). We agree.

Pursuant to Executive Law § 296 (1) (a), it is an unlawful discriminatory practice to discharge an employee "because of" the employee's disability (see, Matter of Cahill v Rosa, 89 NY2d 14, 19; Matter of McEniry v Landi, 84 NY2d 554, 558-559). In order to prevail on her claim, plaintiff was required to prove that she fell within the class of persons protected by the Human Rights Law, i.e., that she was disabled within the meaning of that law (see, Ferrante v American Lung Assn., 90 NY2d 623, 629; Matter of McEniry v Landi, supra, at 558-559). When plaintiff's claim arose, Executive Law § 292 (former [21]) defined "disability" as, inter alia, a "physical, mental or medical impairment * * * provided, however, that in all provisions of this article dealing with employment, the term shall be limited to disabilities which do not prevent the complainant from performing in a reasonable manner the activities involved

in the job or occupation sought or held." Moreover, Executive Law § 296 (former [3-a] [g]) provided that nothing in the statutory scheme "shall be construed to prevent the termination of the employment of any person who is physically unable to perform his or her duties." Thus, the applicable law precluded any claim of employment discrimination brought by an employee who, at the time of the termination, suffered from a disability that rendered him or her unable to perform his or her job duties in a reasonable manner (*see, Matter of McEniry v Landi, supra,* at 558; *Matter of Miller v Ravitch,* 60 NY2d 527, 532; *Sherman v Kang,* 275 AD2d 1016; *Kelly v Poughkeepsie Area Chamber of Commerce,* 265 AD2d 307, 308). Proof that the claimed disability prevented the employee from performing the duties of the job in a reasonable manner rebuts any inference of discrimination (*see, Matter of Miller v Ravitch, supra,* at 534-535 [Jasen, J., concurring]) and supports entry of judgment as a matter of law in favor of a defendant accused of unlawfully terminating that employee (*see, Kelly v Poughkeepsie Area Chamber of Commerce, supra,* at 308; *Clark v Cargill, Inc.,* 206 AD2d 870).

Here, plaintiff's treating physician testified that plaintiff could not have performed her job without accommodation. Under the law as it existed when plaintiff's claim arose, that testimony was fatal to plaintiff's claim of disability discrimination (*see, DiSanto v McGraw-Hill, Inc. / Platt's Div.,* 220 F3d 61, 64 [applying New York law]). Moreover, plaintiff's claim was refuted by proof of the out-of-court representations of plaintiff that she had been permanently disabled from work on a continuous basis as of several weeks prior to her termination (*see, Sherman v Kang, supra,* at 1017, citing *Matter of AT&T Bell Labs. v New York State Div. of Human Rights,* 213 AD2d 230, 231; *DiSanto v McGraw-Hill, Inc. / Platt's Div., supra,* at 64). "Plaintiff cannot contend that she was entitled to [disability] benefits on the ground that she was totally disabled [from a date prior to her termination] and, at the same time, contend that her 'disability' was within the protection of Executive Law § 292 (21), i.e., that it did not prevent her from performing in a reasonable manner the activities involved in the job that she held" (*Sherman v Kang, supra,* at 1017; *see, DiSanto v McGraw-Hill, Inc. / Platt's Div., supra,* at 64-65). In view of our determination, it is unnecessary to address the remaining contentions of the parties. (Appeals from Judgment of Supreme Court, Erie County, Kane, J.—Executive Law.) Present—Green, J. P., Hayes, Wisner, Scudder and Kehoe, JJ.