■ GERALD KWARREN, Respondent, v AMERICAN AIRLINES et al., Appellants, et al., Defendant. [757 NYS2d 105] —In an action, inter alia, to recover damages for employment discrimination in violation of Executive Law § 296, the defendants American Airlines, Louis Liccese, and Robert Sullivan appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County (Dye, J.), dated January 3, 2002, as denied their motion for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the motion is granted, and the complaint is dismissed.

The plaintiff was employed by the defendant American Airlines as a Fleet Service Clerk, inter alia, cleaning airplanes from 1966 until 1996. In October 1998 he commenced the instant action, among other things, to recover damages for alleged discrimination in violation of Executive Law § 296 based upon a purported disability and for intentional infliction of emotional distress.

The plaintiff's cause of action to recover damages for intentional infliction of emotional distress is barred by the one-year statute of limitations (*see* CPLR 215; *Kourkoumelis v Arnel,* 238 AD2d 313 [1997]).

Further, the plaintiff's causes of action alleging violations of Executive Law § 296 are governed by a three-year statute of limitations (*see* CPLR 214 [2]; *Murphy v American Home Prods. Corp.,* 58 NY2d 293, 307 [1983]). Accordingly, the plaintiff's allegations of discriminatory conduct prior to October 1995 are time-barred.

The gravamen of the plaintiff's remaining allegations is that the appellants discriminated against him based upon his work-related injuries, failed to accommodate his disability incurred as a result of those injuries, and retaliated against him when he complained about their unlawful discriminatory conduct. Since the alleged discrimination occurred prior to 1998, the appellants owed no duty to accommodate the plaintiff's alleged disability. The obligation of an employer to accommodate a disability was imposed by Laws of 1997 (ch 269), which went into effect on January 1, 1997 (*see* *Martinez-Tolentino v Buffalo State Coll.,* 277 AD2d 899 [2000]).

Prior to 1998, Executive Law § 292 (21) defined "disability" in relation to employment discrimination as a disability which did "not prevent the complainant from performing in a reasonable manner the activities involved in the job or occupation sought or held" (*see* L 1996, ch 204, § 2). It is clear from this record that the plaintiff's condition prevented him from performing his duties in a reasonable manner. The plaintiff admits that he was unable to fully perform his duties. After his employment was terminated, he qualified for disability benefits from the Social Security Administration (*see Sherman v Kang,* 275 AD2d 1016 [2000]). Since his claimed disability prevented him from performing his duties in a reasonable manner any inference of discrimination was refuted (*see Dantonio v Kaleida Health,* 288 AD2d 866, 867 [2001]; *Matter of Curcio v Nassau County Civ. Serv. Commn.,* 220 AD2d 412, 413 [1995]; *see also Matter of McEniry v Landi,* 84 NY2d 554, 558-559 [1994]).

The plaintiff's claim that the appellants retaliated against him for complaining about unlawful discrimination is similarly without merit (*see Pace v Ogden Servs. Corp.,* 257 AD2d 101, 105 [1999]). Feuerstein, J.P., Smith, Goldstein and Cozier, JJ., concur.