■ NANCY P. FAMA, Respondent-Appellant, v AMERICAN INTERNATIONAL GROUP, INC., Appellant-Respondent. [760 NYS2d 534] —In an action, inter alia, to recover damages for intentional infliction of emotional distress, the defendant appeals from so much of an order of the Supreme Court, Richmond County (Maltese, J.), dated May 17, 2002, as denied that branch of its motion which was for summary judgment dismissing the third cause of action to recover damages for intentional infliction of emotional distress, and the plaintiff cross-appeals from so much of the same order as granted those branches of the motion which were for summary judgment dismissing the causes of action to recover damages for discrimination based upon disability, breach of contract, and fraud.

Ordered that the order is reversed insofar as appealed from, on the law, that branch of the motion which was for summary judgment dismissing the third cause of action to recover damages for intentional infliction of emotional distress is granted, and the complaint is dismissed in its entirety; and it is further,

Ordered that the order is affirmed insofar as cross-appealed from; and it is further,

Ordered that one bill of costs is awarded to the defendant.

The plaintiff was recruited to work for the defendant American International Group, Inc. (hereinafter AIG), in 1975. She left her prior position because the AIG job paid a higher salary and had better growth potential. The plaintiff did not recall turning down other job offers when she accepted the position at AIG, and she did not have a written employment contract with AIG. The plaintiff received an employee handbook after she commenced employment.

In 1987 the plaintiff was transferred to AIG's Milan, Italy office. She had business conflicts with the local general manager (hereinafter the manager). The plaintiff claimed that the manager sabotaged her performance in the Milan office by

failing to promptly hire a secretary for her, countermanding the instructions she gave to her assistant, lying to her superiors about her whereabouts when she was out on sick leave and attributing expenses to her which were incurred by other employees. Additionally, the plaintiff alleged that the manager made sexually offensive remarks to her and suggested that she give sexual favors to important brokers to improve business.

When her New York supervisor visited the Milan office in April 1990, the plaintiff allegedly complained to him about the situation. The supervisor advised the plaintiff that she was being transferred back to New York. She agreed with her supervisor that she would obtain medical attention for a back injury and would report to work in New York on July 19, 1990. The plaintiff's back condition worsened and she was unable to return to work. The plaintiff alleged that her employment was terminated while she was receiving company-provided disability benefits.

This action was commenced in August 1991. The plaintiff alleged that her employment was terminated due to her disability in violation of Executive Law § 296 and interposed causes of action alleging discrimination based upon disability, intentional infliction of emotional distress, breach of contract, and fraud. After discovery, the Supreme Court granted those branches of the defendant's motion for summary judgment which were to dismiss the causes of action to recover damages for discrimination based on disability, breach of contract, and fraud, and denied that branch of the motion which was to dismiss the cause of action to recover damages for intentional infliction of emotional distress.

Contrary to the determination of the Supreme Court, the plaintiff failed to raise a triable issue of fact in opposition to the defendant's prima facie showing of entitlement to judgment dismissing the cause of action to recover damages for intentional infliction of emotional distress. Therefore, that cause of action should have been dismissed (*see Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]). The conduct of the manager and AIG's alleged acquiescence did not constitute the extreme and outrageous conduct which is necessary to sustain a cause of action alleging intentional infliction of emotion distress (*see Howell v New York Post Co.*, 81 NY2d 115, 121 [1993]; *Murphy v American Home Prods. Corp.*, 58 NY2d 293, 303 [1983]; *Ferrandino v Bart & Sons*, 247 AD2d 428 [1998]). Moreover, the defendant's act of terminating the plaintiff's employment may not form the basis of an intentional infliction of emotional distress cause of action in circumvention of the at-will employ-

ment rule in New York (*see Murphy v American Home Prods. Corp., supra* at 303; *Doyle v Doyle-Koch Agency,* 249 AD2d 357 [1998]).

The Supreme Court properly granted the defendant summary judgment on the remaining three causes of action. The plaintiff's deposition testimony that she suffered from a disability which prevented her from performing the duties of her former job in a reasonable manner was fatal to her claim under Executive Law § 296 (*see Kwarren v American Airlines,* 303 AD2d 722 [2003]; *DiSanto v McGraw-Hill, Inc./Platt's Div.,* 220 F3d 61, 63-64 [2000]; *Matter of McEniry v Landi,* 84 NY2d 554, 558 [1994]; *Lawson v High Bar Wholesale Food Distribs.,* 217 AD2d 646 [1995]; *DiGeronimo v First Nationwide Bank,* 209 AD2d 575 [1994]).

Similarly, after the defendant made out a prima facie case for summary judgment dismissing the causes of action alleging breach of contract and fraud, the plaintiff failed to raise a triable issue of fact (*see Horn v New York Times,* 100 NY2d 85 [2003]; *Lobosco v New York Tel. Co./NYNEX,* 96 NY2d 312, 316-317 [2001]; *Sabetay v Sterling Drug,* 69 NY2d 329, 335 [1987]; *Weiner v McGraw-Hill, Inc.,* 57 NY2d 458 [1982]; *Montchal v Northeast Sav. Bank,* 243 AD2d 452 [1997]).

In light of our determination, we need not reach the defendant's remaining contentions.

The plaintiff's remaining contentions either are raised for the first time on appeal or without merit. Altman, J.P., Florio, Adams and Rivera, JJ., concur.