■ In the Matter of JOSEPH GIL, Appellant, v NEW YORK STATE DIVISION OF HUMAN RIGHTS et al., Respondents. [792 NYS2d 565]—

In a proceeding pursuant to Executive Law § 298 to review a

determination of the New York State Division of Human Rights, dated April 16, 2003, which dismissed the petitioner's complaint upon a finding that there was no probable cause to believe that the respondent SS&C Technologies, Inc., engaged in an unlawful discriminatory practice, the petitioner appeals from a judgment of the Supreme Court, Westchester County (Donovan, J.), dated October 27, 2003, which dismissed the petition as time-barred.

Ordered that the judgment is affirmed, with costs.

The 60-day period within which a proceeding pursuant to Executive Law § 298 for judicial review of a determination of the New York State Division of Human Rights (hereinafter the NYSDHR) must be commenced begins to run upon service of the order dismissing the complaint (*see* Executive Law § 298; *Matter of Simmons v New York State Div. of Human Rights,* 188 AD2d 475, 475 [1992]), not, as in a proceeding pursuant to CPLR article 78, when "the determination to be reviewed becomes final and binding upon the petitioner" (CPLR 217 [1]). Thus, contrary to the petitioner's contention, the time within which this proceeding should have been commenced should not have been determined in accordance with the accrual rule enunciated in *New York State Assn. of Counties v Axelrod* (78 NY2d 158, 165 [1991]), regarding proceedings pursuant to CPLR article 78. Rather, since this proceeding was brought pursuant to Executive Law § 298, and was commenced on June 20, 2003, more than 60 days after April 17, 2003, the date on which NYSDHR served its order dismissing the complaint, the Supreme Court properly dismissed the petition as time-barred. Goldstein, J.P., Luciano, Crane and Spolzino, JJ., concur.