■ TARYN HAVILAND, Appellant, v YONKERS PUBLIC SCHOOLS, Respondent. [800 NYS2d 578]—

In an action, inter alia, to recover damages for employment discrimination in violation of Executive Law § 296, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Westchester County (Murphy, J.), entered August 11, 2004, as granted those branches of the defendant's motion which were for summary judgment dismissing the second and third causes of action in the complaint, which were to recover damages for violation of Executive Law § 296 and breach of contract, respectively.

Ordered that the order is affirmed insofar as appealed from, with costs.

"A board of education has an unfettered right to terminate the employment of a teacher during [her] probationary period, unless the teacher establishes that the board terminated [her] for a constitutionally impermissible purpose or in violation of statutory proscription" (*James v Board of Educ. of Cent. School Dist. No. 1 of Towns of Orangetown & Clarkstown*, 37 NY2d 891, 892 [1975]; *see* Education Law § 2573 [1] [a]; *Matter of Venes v Community School Bd. of Dist. 26*, 43 NY2d 520, 525 [1978]).

In support of its motion for summary judgment and in response to the plaintiff's allegations of discrimination based on her alleged disability as set forth in the complaint, the defendant offered evidence that the plaintiff's employment as a probationary teacher was terminated for a legitimate, nondiscriminatory reason, thereby making out a prima facie case for summary judgment. The defendant submitted admissible evidence that the plaintiff's employment as a probationary teacher was terminated based upon, inter alia, her excessive absenteeism, which prevented her from performing her duties as an elementary school teacher in a reasonable manner (*see Sirota v New York City Bd. of Educ.*, 283 AD2d 369, 370 [2001]; *Matter of Skidmore v Abate*, 213 AD2d 259, 260 [1995]). Moreover, fatal to the plaintiff's claim was her admission in the complaint that she could not perform her job as a teacher for a period of time during her second probationary year (*see Camporeale v Airborne Frgt. Corp.*, 732 F Supp 358, 367 [1990], *affd* 923 F2d 842 [1990]; *Fama v American Intl. Group*, 306 AD2d 310, 312 [2003]; *Kwarren v American Airlines*, 303 AD2d 722, 723 [2003]; *Dantonio v Kaleida Health*, 288 AD2d 866, 867 [2001]).

In opposition to the defendant's prima facie showing of its

entitlement to summary judgment dismissing the second cause of action alleging employment discrimination based on disability, the plaintiff failed to raise a triable issue of fact that the stated reasons for her discharge were pretextual (*see Timashpolsky v State Univ. of N.Y. Health Science Ctr. at Brooklyn*, 306 AD2d 271, 272 [2003]).

The defendant also established its entitlement to summary judgment dismissing the plaintiff's third cause of action to recover damages for breach of contract (*see Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). The plaintiff signed a teacher's probationary appointment notice in which she acknowledged that she was appointed to the position of teacher pursuant to Education Law § 2573 (1) (a) for a probationary term. Thus, the plaintiff was an at-will employee of the defendant whose employment could be terminated at any time during the probationary period, for which there can be no action alleging breach of contract (*see Supan v Michelfeld*, 97 AD2d 755, 756 [1983]). In opposition, the plaintiff failed to raise a triable issue of fact (*see Zuckerman v City of New York, supra*).

The plaintiff's remaining contentions are without merit. S. Miller, J.P., Luciano, Crane and Lifson, JJ., concur.