■ In the Matter of REGAL ENTERTAINMENT GROUP, Petitioner, v NEW YORK STATE DIVISION OF HUMAN RIGHTS et al.,

---

Respondents. (And Another Related Proceeding.) [875 NYS2d 647]—

Mercure, J. Proceeding pursuant to Executive Law § 298 (transferred to this Court by order of the Supreme Court, entered in Broome County) to review a determination of respondent State Division of Human Rights which found petitioner guilty of an unlawful discriminatory practice based on disability.

Respondent Doudou B. Janneh was employed at a movie theater owned by petitioner beginning in 1999. In June 2005, Janneh became ill and failed to report for his scheduled work shifts. Subsequently, Janneh's wife presented a doctor's note to the theater manager, who forwarded the note to petitioner's benefits administrator for a determination of whether Janneh was eligible for leave under the Family and Medical Leave Act of 1993 (see 29 USC § 2601 et seq.). Determining Janneh to be ineligible, the benefits administrator informed him by letter that if he was unable to return to work, he would be considered to have "voluntarily resigned for personal reasons," but he could reapply for employment with petitioner at any time. As a result, Janneh was effectively terminated.

Subsequently, Janneh filed a verified complaint, which was later amended, with respondent State Division of Human Rights (hereinafter SDHR) charging petitioner with, among other things, disability discrimination in violation of Executive Law article 15. After investigation, SDHR determined that it had jurisdiction and that there was probable cause to believe that petitioner had engaged in an unlawful discriminatory practice. Following a hearing, an Administrative Law Judge determined, as relevant here, that Janneh failed to establish a prima facie case of discrimination and recommended dismissal of the complaint. Thereafter, SDHR issued an alternative proposed order sustaining the complaint to the extent that it alleged discrimination based upon disability, but finding that Janneh sustained no damages inasmuch as he remains unable to return to work. The Commissioner of Human Rights adopted that order, and petitioner thereafter commenced this proceeding seeking to annul the determination. SDHR cross-petitions for enforcement of its order. We now annul the determination and dismiss the cross petition.

To establish a prima facie case of disability discrimination, a complainant must "demonstrate that he [or she] suffers from a disability, he [or she] was discharged, he [or she] was qualified to hold the position, and the discharge occurred under circumstances giving rise to an inference of discrimination based on his [or her] disability" (*Engelman v Girl Scouts-Indian Hills Council, Inc.*, 16 AD3d 961, 962 [2005]; *see Rainer N. Mittl, Ophthalmologist, P.C. v New York State Div. of Human Rights*, 100 NY2d 326, 330 [2003]; *see also Roberts v Ground Handling, Inc.*, 499 F Supp 2d 340, 357 [2007]). Notably, a disability that prevents an employee from performing the job requirements in a reasonable manner is not a protected disability within the meaning of the statute; the Human Rights Law should not be interpreted to prevent termination of a worker who is unable to perform his or her duties even with reasonable accommodation (*see* Executive Law § 292 [21]; *Staskowski v Nassau Community Coll.*, 53 AD3d 611, 611 [2008]; *McKenzie v Meridian Capital Group, LLC*, 35 AD3d 676, 677 [2006]; *Sherman v Kang*, 275 AD2d 1016, 1016-1017 [2000]; *Giaquinto v New York Tel. Co.*, 135 AD2d 928, 929 [1987], *lv denied* 73 NY2d 701 [1988]; *McAuliffe v Taft Furniture Warehouse & Showroom*, 116 AD2d 774, 775 [1986], *lv denied* 67 NY2d 609 [1986]).

Here, Janneh testified that he was unable to return to work when he was contacted by petitioner in June 2005 and that, indeed, he never sought medical clearance to return to work. Moreover, SDHR's order acknowledged that Janneh remained dependent upon the care of others for all of his needs from the date of his termination through early summer 2006, and that he was unable to return to work through the date of the hearing. Accordingly, Janneh failed to demonstrate a prima facie case of discrimination against petitioner and, thus, the determination by SDHR was not supported by substantial evidence (*see Matter of Delta Air Lines v New York State Div. of Human Rights*, 91 NY2d 65, 72-73 [1997]; *Matter of Lindsay Park Hous. Corp. v New York State Div. of Human Rights*, 56 AD3d 477, 478-479 [2008]; *Matter of New York State Off. of Mental Health, Manhattan Psychiatric Ctr. v New York State Div. of Human Rights*, 223 AD2d 88, 93 [1996], *lv denied* 89 NY2d 806 [1997]; *Matter of Milonas v Rosa*, 217 AD2d 825, 828-829 [1995], *lv denied* 87 NY2d 806 [1996]).

The parties' remaining contentions are either rendered academic by our decision or, upon consideration, have been found to be lacking in merit.

Cardona, P.J., Malone Jr., Kavanagh and McCarthy, JJ., concur. Adjudged that the determination is annulled, without

costs, petition granted, complaint dismissed and cross petition dismissed.