In an action to recover damages for fraudulent inducement, breach of contract, and breach of the duty of fair representation, the plaintiff appeals (1), as limited by her brief, from so much of an order of the Supreme Court, Dutchess County (Sproat, J.), dated November 20, 2012, as denied her motion to disqualify the attorneys for the defendants Millbrook Teachers Association and New York State United Teachers from representing those defendants in this action and granted the cross motion of the defendants Millbrook Teachers Association and New York State United Teachers, and the separate cross motion of the defendants Millbrook Central School District, R. Lloyd Jaeger, and Leslie Ford, pursuant to CPLR 3211 (a) to dismiss the amended complaint insofar as asserted against each of them, and (2) from so much of an order of the same court dated April 2, 2013, as denied that branch of her motion which was for leave to renew her prior motion and to renew her opposition to the prior cross motions.
Ordered that the orders are affirmed insofar as appealed from, with one bill of costs to the defendants appearing separately and filing separate briefs.
The plaintiff commenced this action after her employment as a probationary teacher for the Millbrook Central School District was terminated. The amended complaint asserted causes of action to recover damages for fraudulent inducement and breach *1012 of contract against Millbrook Central School District, R. Lloyd Jaeger, and Leslie Ford (hereinafter collectively the school district defendants), and a cause of action to recover damages for breach of the duty of fair representation against the Millbrook Teachers Association and New York State United Teachers (hereinafter together the union defendants).
The Supreme Court properly granted the school district defendants’ cross motion pursuant to CPLR 3211 (a) to dismiss the amended complaint insofar as asserted against them. A teacher’s employment may be terminated during his or her probationary period for any reason, or no reason at all, unless the teacher establishes that his or her employment was terminated for a constitutionally impermissible purpose or in violation of a statutory proscription (see Education Law §§ 2573 [1] [a]; 3014 [1]; Matter of Speichler v Board of Coop. Educ. Servs., Second Supervisory Dist., 90 NY2d 110, 114 [1997]; Matter of Venes v Community School Bd. of Dist. 26, 43 NY2d 520, 525 [1978]; James v Board of Educ. of Cent. School Dist. No. 1 of Towns of Orangetown & Clarkstown, 37 NY2d 891, 892 [1975]). Here, the amended complaint failed to allege that the plaintiff’s employment was terminated for a constitutionally impermissible purpose or in violation of a statutory proscription. Thus, the plaintiff was an at-will employee whose employment could be terminated at any time during the probationary period, for which there can be no action alleging breach of contract (see Haviland v Yonkers Pub. Schools, 21 AD3d 527, 529 [2005]). In addition, the allegations in the amended complaint failed to establish that the plaintiff reasonably relied upon the school district defendants’ alleged misrepresentations, which is an element necessary to the recovery of damages under a theory of fraudulent inducement (see Guido v Orange Regional Med. Ctr., 102 AD3d 828, 831 [2013]). Accordingly, the amended complaint failed to state a cause of action against the school district defendants (see CPLR 3211 [a] [7]).
The Supreme Court also properly granted the union defendants’ cross motion pursuant to CPLR 3211 (a) to dismiss the amended complaint insofar as asserted against them. Because the union defendants were unincorporated associations, and because the amended complaint failed to allege that the conduct complained of on the part of the union defendants was authorized or ratified by every one of their respective members, the amended complaint failed to state a cause of action against the union defendants (see CPLR 3211 [a] [7]; Palladino v CNY Centro, Inc., 23 NY3d 140, 146-150 [2014]; Martin v Curran, 303 NY 276, 279-280 [1951]).
*1013 The Supreme Court properly denied that branch of the plaintiff’s motion which was for leave to renew her opposition to the defendants’ separate cross motions pursuant to CPLR 3211 (a) to dismiss the amended complaint insofar as asserted against each of them. The new evidence submitted by the plaintiff would not have changed the prior determination (see CPLR 2221 [e] [2]).
The parties’ remaining contentions are without merit or need not be reached in light of our determination. Rivera, J.P., Dickerson, Miller and Duffy, JJ., concur.