■ NEDUNCHEZIAN SITHIAN, Appellant, v RICHARD SPENCE, Respondent. (Action No. 1.) NEDUNCHEZIAN SITHIAN, Appellant, v STATEN ISLAND UNIVERSITY HOSPITAL et al., Respondents. (Action No. 2.) NEDUNCHEZIAN SITHIAN, Appellant, v STATEN ISLAND UNIVERSITY HOSPITAL et al., Respondents. (Action No. 3.) [724 NYS2d 906] —In three related actions, *inter alia,* to recover damages for breach of contract, the plaintiff appeals from an order of the Supreme Court, Richmond County (Cusick, J.), dated January 19, 2000, which granted the motion of the defendants Richard Spence in Action No. 1 and Staten Island University Hospital, Rick Verone, Gary M. Geresi, Salvatore J. Esposito, Jr., Arthur J. Puglasi, Charles Vonfrolio, Edward A. Messier, Irving R. Boody, Jr., and Frank W. Scarangello in Action Nos. 2 and 3 and the separate motion of the defendant Benjamin Chang in Action Nos. 2 and 3 for summary judgment dismissing the complaints insofar as asserted against them.

Ordered that the order is affirmed, with one bill of costs to the respondents appearing separately and filing separate briefs.

The Federal Health Care Quality Improvement Act of 1986 (hereinafter FHCQIA) grants immunity from liability to all participants in a professional physician peer review in the absence of malice, and if the due process protections set forth in FHCQIA have been afforded to the affected physician (*see,* 42 USC §§ 11101, 11112 [a]). In addition, the participants are afforded immunity from liability under State statutes (*see,* Public Health Law § 2805-j [2]; Education Law § 6527 [5]). In opposition to the defendants' prima facie showing of entitlement to judgment as a matter of law, the Supreme Court properly determined that the plaintiff failed to raise an issue of fact as to whether the defendants were immune from liability for their participation in the professional peer review of the plaintiff (*see, Mathews v Lancaster Gen. Hosp.,* 87 F3d 624, 632-633 [3d Cir 1996]; *Shapiro v Central Gen. Hosp.,* 251 AD2d 317).

The plaintiff's remaining contentions are without merit. Ritter, J. P., Krausman, H. Miller and Smith, JJ., concur.