■ Rochelle M. Sirota, Appellant, v New York City Board of Education et al., Respondents. [725 NYS2d 332] —Order, Supreme Court, New York County (Michael Stallman, J.), entered January 5, 2001, which denied plaintiff's motion for

summary judgment and granted defendants' cross motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

No issues of fact exist as to whether defendants, the New York City Board of Education and the principal and assistant principal of the school where plaintiff was assigned as a special education teacher, discriminated against plaintiff on the basis of a disability and retaliated against her because of her requests for accommodation. As the motion court held, plaintiff's cancer and attendant surgeries do not constitute a disability within the meaning of the discrimination statutes (42 USC § 12112; Executive Law § 292; Administrative Code of City of NY § 8-107 [15]), since they did not substantially limit her in a major life activity, as evidenced by her own physician's letters affirming her ability to work on a regular, full-time basis (*see, Reeves v Johnson Controls World Servs.*, 140 F3d 144, 150-152 [2d Cir]). Moreover, assuming plaintiff does have a disability, her chronic absenteeism, tardiness and unsatisfactory performance evaluations establish that she was unable to perform the essential functions of her job as a special education teacher, and thus was not otherwise qualified therefor as required by the discrimination statutes (*see, McLee v Chrysler Corp.*, 109 F3d 130, 135 [2d Cir]), and that defendants did not retaliate against her for requesting accommodation on account of her cancer. Moreover, assuming plaintiff is otherwise qualified for the job, her complaints that defendants refused to accommodate her requests for a schedule modification or transfer and continued to give her negative evaluations do not show an adverse employment action as required by the discrimination statutes, but only a permissible refusal to change the terms and conditions of her employment (*see, Castro v New York City Bd. of Educ. Personnel Director*, 1998 US Dist LEXIS 2863, *18-22, 1998 WL 108004, *6-7 [SD NY, Mar. 12, 1998, 96 Civ 6314 (MBM)]). We have considered plaintiff's other claims, including those based on defendants' alleged failure to remedy a sexually hostile work environment created by the classroom misbehavior of her students, and find them to be without merit. We also note that most of plaintiff's claims relating to defendants' alleged discriminatory conduct preceding her second, 15-month medical leave of absence are barred by the time requirements for the filing of a notice of claim and a complaint with the Equal Employment Opportunity Commission. The continuing violations exception is inapplicable since the leave of absence, which was voluntary and therefore cannot be considered an act of discrimination, interrupted the alleged pattern of discrimination. Concur—Williams, J. P., Lerner, Rubin, Saxe and Buckley, JJ.