■ WILLIAM J. BLUM, Appellant, v NEW YORK STOCK EXCHANGE, INC., Respondent. [751 NYS2d 202] —In an action, inter alia, to recover damages for discrimination on the basis of disability in violation of Executive Law § 296, the plaintiff appeals (1), as limited by his brief, from so much of an order of the Supreme Court, Nassau County (Bucaria, J.), entered May 25, 2001, as granted the defendant's cross motion for summary

judgment dismissing the amended complaint, and (2) from an order of the same court, entered September 26, 2001, which denied those branches of his motion which were for leave to renew and to amend the complaint to reassert a cause of action to recover damages for breach of contract, and, in effect, upon granting that branch of his motion which was for leave to reargue, adhered to its original determination.

Ordered that the appeal from the order entered May 25, 2001, is dismissed, as that order was superseded by the order entered September 26, 2001, made upon reargument; and it is further,

Ordered that the order entered September 26, 2001, is affirmed; and it is further,

Ordered that one bill of costs is awarded to the defendant.

The plaintiff, a member of the defendant New York Stock Exchange, Inc. (hereinafter the Exchange), who suffered from a medical condition, utilized a freestanding stool to work on the Exchange floor. The stool was located on a major evacuation route of the Exchange floor. The Exchange subsequently prohibited the use of stools and chairs in areas of the Exchange floor that were designated to be major evacuation routes in order to permit the safe and timely evacuation of its members from the floor in the event of an emergency. The plaintiff alleges that such action by the Exchange constituted discriminatory conduct in violation of the public accommodation provision of the New York Human Rights Law (Executive Law § 296 [2] [a]).

It is well established that summary judgment may be granted only when it is clear that no triable issue of fact exists (*see Alvarez v Prospect Hosp.,* 68 NY2d 320). The Exchange met its prima facie burden entitling it to summary judgment dismissing the amended complaint by establishing that its actions were nondiscriminatory (*see Buffolino v Long Is. Sav. Bank,* 126 AD2d 508, 510; *cf. Bockino v Metropolitan Transp. Auth.,* 224 AD2d 471). The Exchange prohibited the use of stools and chairs from major evacuation routes based upon a legitimate safety concern for its members. The plaintiff, in opposition, failed to raise a triable issue of fact.

Contrary to the plaintiff's contention, the issue of whether the Exchange provided a reasonable accommodation to the plaintiff is not relevant to an action to recover damages for discrimination brought pursuant to Executive Law § 296 (2) (a) (*see Eastern Paralyzed Veterans Assn. v Metropolitan Transp. Auth.,* 79 AD2d 516, 517; *Brown v Daytop Vil.,* 161 Misc 2d 248).

The Supreme Court also properly denied the plaintiff leave to amend the complaint to reassert a breach of contract cause of action previously dismissed in an earlier action (*see Blum v New York Stock Exch.,* 253 AD2d 835; *Napoli v Canada Dry Bottling Co. of N.Y.,* 166 AD2d 696).

The plaintiff's remaining contentions are without merit. O'Brien, J.P., Krausman, Townes and Cozier, JJ., concur.