■ NEDUNCHEZIAN SITHIAN, Plaintiff, v RICHARD SPENCE, Defendant. (Action No. 1.) NEDUNCHEZIAN SITHIAN, Appellant, v STATEN ISLAND UNIVERSITY HOSPITAL et al., Respondents. (Action No. 2.) NEDUNCHEZIAN SITHIAN, Appellant, v STATEN

ISLAND UNIVERSITY HOSPITAL et al., Respondents. (Action No. 3.) [750 NYS2d 783] —In three related actions, inter alia, to recover damages for breach of contract, the plaintiff in Action Nos. 2 and 3 appeals from (1) a judgment of the Supreme Court, Richmond County (Maltese, J.), dated October 25, 2001, which, upon so much of an order of the same court, dated September 28, 2001, as granted the motion of the defendant Benjamin Chang for an award of an attorney's fee and costs, is in favor of that defendant in Action Nos. 2 and 3 and against him in the principal sum of $23,236, and (2) a judgment of the same court, dated November 19, 2001, which, upon so much of the order dated September 28, 2001, as granted the motion of the defendants Staten Island University Hospital, Rick Varone, Gary M. Geresi, Salvatore J. Esposito, Jr., Arthur J. Puglisi, Charles Vonfrolio, Edward A. Messier, Irving R. Boody, Jr., and Frank W. Scarangello, in Action Nos. 2 and 3 for an award of an attorney's fee and costs is in favor of those defendants and against him in the principal sum of $215,686.83.

Ordered that the judgments are affirmed; and it is further,

Ordered that one bill of costs is awarded to the respondents appearing separately and filing separate briefs; and it is further,

Ordered that the matter is remitted to the Supreme Court, Richmond County, for the purpose of determining the reasonable value of the services of the attorneys for the respondents in defending this appeal, and in establishing such value and awarding an additional fee therefor (cf. Matter of Duell v Condon, 200 AD2d 549, affd 84 NY2d 773).

This Court previously affirmed an order of the Supreme Court, Richmond County, dated January 19, 2000, granting the respondents' respective motions for summary judgment dismissing the complaints insofar as asserted against them (see Sithian v Spence, 283 AD2d 566). The respondents subsequently moved for an award of an attorney's fee and costs pursuant to 42 USC § 11113, and the Supreme Court granted their respective motions.

The record supports the Supreme Court's conclusion that the instant lawsuits were "frivolous" and commenced in "bad faith" (42 USC § 11113; see Sithian v Staten Is. Univ. Hosp., 189 Misc 2d 410). Accordingly, the Supreme Court providently exercised its discretion in awarding an attorney's fee to the respondents under the Federal Health Care Quality Improvement Act (see 42 USC § 11113; cf. Smith v Ricks, 31 F3d 1478, cert denied 514 US 1035). Since 42 USC § 11113 provides for the award of an attorney's fee and costs to parties forced to

defend against frivolous claims, the court is also authorized to award an attorney's fee and costs incurred on the appeal (*see Sklaroff v Allegheny Health Educ. Research Found.,* 1998 WL 47376 [ED PA, Feb. 3, 1998]). We remit the matter to the Supreme Court, Richmond County, to determine the reasonable value of the services of the attorneys for the respondents in defending this appeal, and in establishing such value and awarding an additional fee therefor. Altman, J.P., Smith, O'Brien and H. Miller, JJ., concur. [*See* 189 Misc 2d 410.]