■ LEONID TIMASHPOLSKY, Respondent-Appellant, v STATE UNIVERSITY OF NEW YORK HEALTH SCIENCE CENTER AT BROOKLYN, Appellant-Respondent, and JAMES COTTRELL et al., Respondents. [761 NYS2d 94] —In an action, inter alia, to recover damages for discrimination on the basis of disability in violation of Executive Law § 296 and Administrative Code of the City of New York § 8-107, the defendant State University of New York Health Science Center at Brooklyn appeals from so much of (1) an order of the Supreme Court, Kings County (Held, J.), dated April 29, 2002, as denied those branches of the defendants' motion which were for summary judgment dismissing the first and second causes of action to recover damages for wrongful termination of employment insofar as asserted against it, and for summary judgment on the fifth cause of action for a declaratory judgment insofar as asserted against it, and (2) an order of the same court dated September 9, 2002, as, upon reargument, adhered to its prior determination, and the plaintiff cross-appeals from so much of the order dated April 29, 2002, as granted that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against the individual defendants.

Ordered that the appeal from so much of the order dated April 29, 2002, as denied those branches of the defendants' motion which were for summary judgment dismissing the first and second causes of action insofar as asserted against the appellant and for summary judgment on the fifth cause of action insofar as asserted against the appellant, is dismissed, without costs or disbursements, as that portion of the order was superseded by the order dated September 9, 2002, made upon reargument; and it is further,

Ordered that the order dated September 9, 2002, is reversed insofar as appealed from, on the law, upon reargument, so much of the order dated April 29, 2002, as denied those branches of the motion which were for summary judgment dismissing the first and second causes of action to recover damages for wrongful termination of employment insofar as asserted against the appellant and for summary judgment on the fifth cause of action for a declaratory judgment insofar as asserted against the appellant, is vacated, those branches of the motion are granted, and the matter is remitted to the Supreme Court, Kings County, for the entry of a judgment declaring that the plaintiff was not wrongfully discharged; and it is further,

Ordered that the order dated April 29, 2002, is affirmed insofar as cross-appealed from; and it is further,

Ordered that one bill of costs is awarded to the defendant State University of New York Health Science Center at Brooklyn payable by the plaintiff.

The plaintiff was an anesthesiology resident at the defendant State University of New York Health Science Center at Brooklyn (hereinafter the hospital). He was discharged from his position after failing to respond to emergency beeper pages on three occasions. The plaintiff was subsequently diagnosed with narcolepsy. He commenced this action alleging, inter alia, that his termination violated Executive Law § 296 (1) (a) and Administrative Code of the City of New York § 8-107 (1), which prohibit an employer from discharging an individual because of a disability.

To state a prima facie case of employment discrimination due to a disability under both the Executive Law and the Administrative Code, a plaintiff must show that he or she suffers from a disability and that the disability caused the behavior for which he or she was terminated (*see Matter of McEniry v Landi,* 84 NY2d 554, 558 [1994]). Once a prima facie case is established, the burden of proof shifts to the employer to demonstrate "that the disability prevented the employee from performing the duties of the job in a reasonable manner or that the employee's termination was motivated by a legitimate nondiscriminatory reason" (*Matter of McEniry v Landi, supra* at 558). If the employer establishes that it had valid, nondiscriminatory reasons for discharging the plaintiff from employment, the burden shifts back to the plaintiff to raise a triable issue of fact as to whether the stated reasons for discharge were pretextual (*see Cooks v New York City Tr. Auth.,* 289 AD2d 278, 279 [2001]).

The hospital established its prima facie entitlement to judgment as a matter of law (*see Winegrad v New York Univ. Med. Ctr.,* 64 NY2d 851, 853 [1985]). The plaintiff's narcolepsy prevented him from performing his duties as a resident in anesthesiology in a reasonable manner despite the hospital's reasonable attempt to accommodate his needs. The hospital also established that the plaintiff's termination was motivated by a legitimate nondiscriminatory reason (*see Blum v New York Stock Exch.,* 298 AD2d 343, 344 [2002]). In opposition, the plaintiff failed to raise a triable issue of fact as to whether he could perform his duties in a reasonable manner with reasonable accommodation or that the reasons stated for his discharge were pretextual (*see Zuckerman v City of New York,* 49 NY2d 557, 562 [1980]; *Cooks v New York City Tr. Auth., supra*). Therefore, the Supreme Court erred, upon reargument, in adhering to its prior order denying those branches of the defendants' motion which were for summary judgment dismissing the first and second causes of action insofar as asserted against the hospital, and for summary judgment on the fifth cause of action insofar as asserted against the hospital.

However, the Supreme Court properly granted summary judgment to the individual defendant physicians responsible for the recommendation and decision to terminate the plaintiff. Those defendants are protected by a qualified immunity pursuant to Education Law § 6527 (3) and (5) (*see Sithian v Spence,* 283 AD2d 566 [2001]; *Pappalardo v Meisel,* 112 AD2d 277, 278 [1985]; *see also* Public Health Law § 2805-j [2]).

Since the plaintiff sought in his fifth cause of action a judgment declaring that he was wrongfully discharged, the matter must be remitted to the Supreme Court, Kings County, for the entry of a judgment declaring that the plaintiff was not wrongfully discharged (*see Lanza v Wagner,* 11 NY2d 317, 334 [1962], *appeal dismissed* 371 US 74 [1962], *cert denied* 371 US 901 [1962]).

The plaintiff's remaining contentions are without merit. Santucci, J.P., Krausman, Crane and Mastro, JJ., concur.