■ MARK CLEMENS, Appellant, v MTA NEW YORK CITY TRANSIT AUTHORITY et al., Respondents. [798 NYS2d 115]—

In an action, inter alia, to recover damages for employment discrimination, intentional infliction of emotional distress, and tortious interference with a prospective business relationship, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Knipel, J.), dated May 7, 2004, as granted those branches of the defendants' motion which were to dismiss or for summary judgment dismissing the plaintiff's first, second, third, seventh, and eighth causes of action.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff, a former employee of the defendant MTA New York City Transit Authority (hereinafter the MTA), commenced this action against the MTA and the individual defendants alleging, inter alia, that he was disciplined and forced to resign

because he attended therapy sessions to deal with work-related stress.

The defendants established their prima facie entitlement to judgment as a matter of law on the plaintiff's first, second, and third causes of action by tendering ample evidence that the plaintiff was disciplined and asked to resign or face termination for falsifying time records over a period of several years—a nondiscriminatory reason unrelated to his alleged disability. In opposition, the plaintiff failed to raise a triable issue of fact (*see Timashpolsky v State Univ. of N.Y. Health Science Ctr. at Brooklyn*, 306 AD2d 271 [2003]; *Blum v New York Stock Exch.*, 298 AD2d 343 [2002]). Accordingly, those causes of action were properly dismissed.

Moreover, the court properly granted those branches of the defendants' motion which were to dismiss the plaintiff's seventh and eighth causes of action, founded on tort, since the plaintiff failed to timely serve a notice of claim (*see* General Municipal Law § 50-e; Public Authorities Law § 1212 [4]). The plaintiff's contention that those causes of action are asserted only as against the individual defendants Stanley J. Grill and Ralph Agritelley is belied by the plain language of the complaint, which seeks relief against "the defendants" generally and makes no specific allegations against either of the individual defendants. Even in opposition to the defendants' motion, the plaintiff failed to articulate any specific allegation with respect to either of the individual defendants. Accordingly, those causes of action were properly dismissed.

The parties' remaining contentions are either unpreserved for appellate review (*see Tranes v Independent Health Assn.*, 275 AD2d 410 [2000]) or without merit. Cozier, J.P., S. Miller, Rivera and Fisher, JJ., concur.