■ WILLIAM THIDE, Appellant, v NEW YORK STATE DEPARTMENT OF TRANSPORTATION, Respondent. [811 NYS2d 418]—

In an action to recover damages for employment discrimina-

tion on the basis of disability and retaliation in violation of Executive Law § 296, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Henry, J.), dated September 22, 2004, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff, a former employee of the defendant New York State Department of Transportation (hereinafter the DOT), alleged, inter alia, that he was treated unfairly and ultimately discharged because he suffered from a degenerative disc condition in his back and was retaliated against for making a request that the DOT accommodate his disability by not assigning him tasks that adversely affected his back condition.

To state a prima facie case of employment discrimination due to a disability under Executive Law § 296, a plaintiff must show that he or she suffers from a disability and that the disability engendered the behavior for which he or she was discriminated against in the terms, conditions, or privileges of his or her employment (*see Matter of McEniry v Landi,* 84 NY2d 554 [1994]; *Timashpolsky v State Univ. of N.Y. Health Science Ctr. at Brooklyn,* 306 AD2d 271 [2003]). If the plaintiff succeeds in establishing a prima facie case, the burden of proof shifts to the employer to demonstrate that the disability prevented the employee from performing the duties of the job in a reasonable manner or that the employer's action was motivated by legitimate nondiscriminatory reasons (*see Matter of McEniry v Landi, supra* at 558; *Timashpolsky v State Univ. of N.Y. Health Science. Ctr. at Brooklyn, supra* at 272). If the employer establishes that it had valid nondiscriminatory reasons for its action, the burden shifts back to the plaintiff to raise a triable issue of fact as to whether the stated reasons were pretextual (*see Cooks v New York City Tr. Auth.,* 289 AD2d 278 [2001]).

The DOT established its prima facie entitlement to judgment as a matter of law on the plaintiff's employment discrimination claim by proffering sufficient evidence that the plaintiff's employment was terminated for legitimate reasons unrelated to his alleged disability (*see Clemens v MTA N.Y. City Tr. Auth.,* 19 AD3d 636 [2005]; *Blum v New York Stock Exch.,* 298 AD2d 343, 344 [2002]). In opposition, the plaintiff failed to raise a triable issue of fact (*see Haviland v Yonkers Pub. Schools,* 21 AD3d 527 [2005]; *Timashpolsky v State Univ. of N.Y. Health Science. Ctr. at Brooklyn, supra* at 272). Accordingly, the Supreme Court properly dismissed the plaintiff's employment discrimination cause of action.

The DOT also established its entitlement to summary judg-

ment dismissing the plaintiff's retaliation cause of action (*see Zuckerman v City of New York,* 49 NY2d 557, 562 [1980]). In order to make a prima facie showing of retaliation under Executive Law § 296, a "plaintiff must show that (1) [he or] she has engaged in protected activity, (2) [his or] her employer was aware that she participated in such activity, (3) [he or] she suffered an adverse employment action based upon her activity, and (4) there is a causal connection between the protected activity and the adverse action" (*Forrest v Jewish Guild for Blind,* 3 NY3d 295, 313 [2004]).

The DOT tendered sufficient evidence that the plaintiff's employment was terminated for legitimate, nonretaliatory reasons. In opposition, the plaintiff failed to raise a triable issue of fact (*see Kaptan v Danchig,* 19 AD3d 456 [2005]; *Davis v School Dist. of City of Niagara Falls,* 4 AD3d 866 [2004]). Accordingly, the Supreme Court properly dismissed the plaintiff's retaliation cause of action. Miller, J.P., Mastro, Fisher and Lunn, JJ., concur.