[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
July 05, 2006
THOMAS K. KAHN
CLERK

_____

No. 05-16411
Non-Argument Calendar

_____

D. C. Docket No. 03-01529-CV-ORL-28-JGG

KATHLEEN WARREN,

Plaintiff-Appellant,

versus

VOLUSIA COUNTY, FLORIDA,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(July 5, 2006)**

Before ANDERSON, BIRCH and KRAVITCH, Circuit Judges.

PER CURIAM:

Kathleen Warren appeals the district court's grant of judgment as a matter of

law in her employment discrimination action, brought pursuant to the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12111. After a thorough review of the record, we affirm.

Warren filed a complaint against Volusia County (the "County"), alleging that she was a qualified individual who was disabled and that the County failed to provide a reasonable accommodation under the ADA, 42 U.S.C. § 12111.

In its answer to the complaint, the County averred, inter alia, that Warren never requested a reasonable accommodation.[1]

According to the evidence at trial, Warren worked for the County as a corrections officer from 1989 until 1993, when she was injured in a work-related incident. When she began her employment, she suffered from rheumatoid arthritis, which was exacerbated by this injury. She received treatment with Drs. Martin and Mathews. In a chart note dated November 24, 1993, Dr. Martin indicated that Warren should be retrained in some type of lighter work. He reiterated this conclusion in his December 1993 note. In May 1994, Warren was released to

---

[1] The County did not move for summary judgment. Prior to trial, the court instructed the parties to brief whether Warren was a disabled individual and whether her claims were timely. In response, Warren argued that her physicians had submitted reports recommending that she be reassigned to clerical or sedentary positions because her injury prevented her from returning to her former position, and that the County failed to engage in an interactive process to determine a reasonable accommodation. The County disputed that the physician's report was sufficient to request accommodation. In response, Warren asserted that her request for reassignment was sufficient to trigger the County's responsibility to engage in an interactive process.

return to work light duty.  Dr. Mathews submitted statements to the insurance companies in 1994 and 1995, each time indicating that Warren could no longer perform her former job but that she was capable of performing sedentary activities.  In the following years, Warren took time off under the Family Medical Leave Act and requested leaves of absences and short term disability due to her injuries.  She also eventually hired counsel and sought worker's compensation.  The claim settled in 1997.  During the settlement communications between Warren's attorney and the County's risk management official, counsel requested the County retrain Warren for another position.  The County informed Warren that she could speak with personnel about open positions within her restrictions.  Sometime thereafter, Warren contacted the Florida Commission on Human Relations to investigate her claim of discrimination.  Between 1997 and 2001, Warren never notified the County of her work status.  Warren remained on leave of absence, and, in 2000, the County notified her that it would terminate her employment due to the extent of her leave.  Warren responded that she would await the outcome of the Florida Commission on Human Relations investigation.  In 2001, the County informed her that it would revoke her leave status.  It encouraged her to speak with personnel to discuss options, including reasonable accommodations.  Warren again responded that she would await the outcome of the investigation.  The County then terminated

her employment.

Warren testified that she had done everything she could, and everything the County asked her to do, to return to work, and that between 1993 and 1997, she believed the County would find a position for her. She also believed there were other positions available that she was qualified to perform, but that she was never told to contact personnel to see about the positions. She admitted that she never applied for any other position and never wrote to the County to request accommodation. She stated that she had not seen the 1997 letter between her attorney and the risk management official indicating that she should contact personnel. She also stated that her attorney never told her to contact personnel about open positions. Although she admitted that she personally never requested an accommodation, and that her physician was not authorized to act as her representative to request any accommodation, she testified that her attorney made a request during the worker's compensation settlement in 1997.

At the conclusion of the evidence, the County moved for judgment as a matter of law, asserting, inter alia, that the doctor was not Warren's agent, Warren never requested any accommodation, and retraining was not a reasonable accommodation. The court took the motion under advisement, and permitted the case to go to the jury.

4

The jury found in Warren's favor, specifically concluding that Warren or her representative requested an accommodation; the requested accommodation was reasonable; and the County unreasonably refused the accommodation.

The County renewed its motion for judgment as a matter of law, arguing that the only possible request for an accommodation was in the letter in regard to the worker's compensation claim. It noted that the response specifically informed Warren that she could talk to personnel, but that Warren never took that step. It further argued that a request to retrain did not qualify as a request for an accommodation because retraining implied that Warren was not qualified for the position. The County also noted that Warren testified that the doctor was not acting as her agent.

Warren responded that she was not required to use magic words to request an accommodation, and that the information from her physician was enough. She further reiterated that the County was required - and failed - to engage in an interactive process to find a reasonable accommodation.

The district court granted the County's motion, finding, inter alia, that no reasonable jury could have concluded that Warren requested a reasonable accommodation. The court noted that Warren was required to make a specific demand, and that the attorney's statement during a worker's compensation

settlement was not sufficient. The court further explained that a request to retrain would not qualify as a reasonable accommodation. Accordingly, the court granted the County judgment as a matter of law. Warren now appeals.

Warren argues that there was sufficient evidence for the jury to conclude that she or her representative requested an accommodation because no magic words were required and the County was on notice that she wanted to return to work.[2] She disputes that the request for retraining was insufficient because the County should have worked with her to determine if there were positions available that did not require retraining.[3] She asserts that the district court's position "places all the burden on the employee and no responsibility whatsoever on the employer." She states that it was sufficient that the County knew of her disability, her limitations, and her desire to return to work to trigger her right to an accommodation.

We review the district court's grant of a motion for judgment as a matter of law de novo. Collado v. United Parcel Serv., Co., 419 F.3d 1143, 1151 (11th Cir.

---

[2] Warren also argues for the first time that it is unknown whether the attorney requested retraining or reassignment. She raises this claim for the first time on appeal. Arguments raised for the first time on appeal are not considered by this court, absent one of five exceptions not applicable here. Narey v. Dean, 32 F.3d 1521, 1526-27 (11th Cir. 1994).

[3] This argument is misplaced. An employer's duty to engage in an interactive process does not trigger until the employee has identified and requested accommodation. Lucas v. W.W. Grainger, Inc., 257 F.3d 1249, 1256 n.2 (11th Cir. 2001).

2005). This court draws "all reasonable inferences . . . in the light most favorable to the nonmoving party. Where no legally sufficient evidentiary basis exists for a reasonable jury to find for that party on that issue, judgment as a matter of law is proper." Rossbach v. City of Miami, 371 F.3d 1354, 1356 (11th Cir. 2004) (citations and quotations omitted).

The ADA forbids covered employers from discriminating "against a qualified individual with a disability because of the disability of such individual in regard to . . . discharge of employees." 42 U.S.C. § 12112(a) (2000). To establish a prima facie case of employment discrimination under the ADA, a plaintiff must demonstrate "that (1) [s]he has a disability, (2) [s]he is a 'qualified individual,' which is to say, able to perform the essential functions of the employment position that [s]he holds or seeks with or without reasonable accommodation, and (3) the defendant unlawfully discriminated against [her] because of the disability." D'Angelo v. ConAgra Foods, Inc., 422 F.3d 1220, 1226 (11th Cir. 2005).

An employer unlawfully discriminates against a qualified individual with a disability when the employer fails to provide "reasonable accommodations" for the disability - unless doing so would impose undue hardship on the employer. 42 U.S.C. § 12112(b)(5)(A); Lucas v. W.W. Grainger, Inc., 257 F.3d 1249, 1255 (11th Cir. 2001). "The plaintiff bears the burden of identifying an accommodation,

7

and of demonstrating that the accommodation allows him to perform the job's essential functions."  Id. at 1255-56; Earl v. Mervyn's, Inc., 207 F.3d 1361, 1367 (11th Cir. 2000); Stewart v. Happy Herman's Cheshire Bridge, Inc., 117 F.3d 1278, 1286 (11th Cir.1997).  An employee's failure to request a reasonable accommodation is fatal to the prima facie case; "the duty to provide a reasonable accommodation is not triggered unless a specific demand for an accommodation has been made."  Gaston v. Bellingrath Gardens & Homes, Inc., 167 F.3d 1361, 1363 (11th Cir. 1999).[4]

Here, the evidence, viewed in the light most favorable to Warren, established that Warren never requested any accommodation, either on her own or through a representative.  Warren herself admitted that she never requested a accommodation, never contacted personnel, and never inquired about open positions for which she was qualified.  Contrary to Warren's argument, the burden is entirely on the plaintiff.  Lucas, 257 F.3d at 1255-56.  Additionally, she admitted that the physician was not acting as her representative, and, therefore, his notations

---

[4] Moreover, the EEOC's interpretive guidelines, issued pursuant to its authority to issue regulations under the ADA, provide that "[i]n general . . .  it is the responsibility of the individual with a disability to inform the employer that an accommodation is needed." 29 C.F.R. pt. 1630 App. § 1630.9. "Once a qualified individual with a disability has requested provision of reasonable accommodation, the employer must make a reasonable effort to determine the appropriate accommodation." Id.

that light duty or sedentary jobs were necessary did not constitute a request for an accommodation.

Furthermore, the attorney's request for retraining did not qualify as a request under the ADA because retraining is not a reasonable accommodation. See Turner v. Mobile Infirmary Ass'n, 1997 WL 827532 (S.D. Ala. 1997) (unpublished), aff'd, 149 F.3d 1196 (11th Cir. 1998) (unpublished). If an employee must be retrained in order to fulfill the job requirements, the employee is not "qualified" under the ADA. Willis v. Conopco, Inc., 108 F.3d 282, 284 (11th Cir. 1997) (noting that the plaintiff must be qualified for the reassignment she seeks). The ADA does not require the County to reassign Warren to a position for which she was not qualified. Lucas, 257 F.3d at 1259; Taylor v. Food World, 133 F.3d 1419, 1425 (11th Cir. 1998).

In light of this evidence, even viewed most favorably to Warren, no reasonable jury could have concluded that Warren requested a reasonable accommodation.

Accordingly, we AFFIRM.