**20** BRENNA NICHOLS, Appellant, v MEMORIAL SLOAN-KETTERING CANCER CENTER et al., Respondents. [829 NYS2d 22]—

Order, Supreme Court, New York County (Karen S. Smith, J.), entered March 22, 2005, which granted defendants' motion for summary judgment dismissing the complaint in this employment discrimination action, unanimously affirmed, without costs.

Plaintiff's failure-to-accommodate claim was properly dismissed because, at the time she made her request for a reasonable accommodation, she was not suffering from a "disability," as that term is defined in New York Executive Law § 292 (21). Indeed, according to plaintiff's own testimony, her cancer had been eradicated and she had ceased oncological treatment some 21 months before her request for a reduction in work hours (*see Sirota v New York City Bd. of Educ.*, 283 AD2d 369 [2001]; *Olmeda v New York State Dept. of Civ. Serv.*, 1998 WL 17729, 1998 US Dist LEXIS 345 [SD NY 1998]).

Even if plaintiff had established that she suffered from a disability within the statutory definition, her failure-to-accommodate claim would still fail since the record establishes that defendants provided her the accommodation she requested.

Also properly dismissed was plaintiff's claim alleging retaliation, since the contradictory assertions relied upon by plaintiff respecting her treatment by defendants subsequent to her April 2001 work reduction request were insufficient to raise a triable issue of fact (*see Kistoo v City of New York*, 195 AD2d 403, 404 [1993]). We note that there is no evidence of a causal connection between plaintiff's work reduction request and the July 27, 2001 memorandum criticizing plaintiff's job performance, and that, in any case, the memorandum was not an employer action sufficiently adverse to support a retaliation claim (*see Jackson v City Univ. of N.Y.*, 2006 WL 1751247, 2006 US Dist LEXIS 43338 [SD NY 2006]), or one for constructive discharge. The memorandum, although critical of plaintiff, did not threaten plaintiff with termination, and did not render plaintiff's employment so difficult or unpleasant that a reasonable person in her position would have felt compelled to resign (*see Chertkova v Connecticut Gen. Life Ins. Co.*, 92 F3d 81, 89 [2d Cir 1996]).

We have considered plaintiff's remaining contentions and find them unavailing. Concur—Mazzarelli, J.P., Andrias, Sullivan, Williams and McGuire, JJ.