■ Joseph Simeone, Appellant, v County of Suffolk et al., Respondents. [828 NYS2d 560]—

In an action to recover damages for employment discrimination on the basis of disability and age and retaliation, in violation of, inter alia, Executive Law § 296, the Americans with Disabilities Act (42 USC § 12101 *et seq.*), and the Age Discrimination in Employment Act (29 USC § 621 *et seq.*), the plaintiff appeals from an order of the Supreme Court, Suffolk County (Werner, J.), entered September 16, 2005, which granted the defendants' motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff alleges that the defendants unlawfully refused to promote him to the rank of police sergeant because of discrimination on the basis of disability and age and retaliation, in violation of, inter alia, Executive Law § 296, the Americans with Disabilities Act (42 USC § 12101 *et seq.*, hereinafter the ADA), and the Age Discrimination in Employment Act (29 USC § 621 *et seq.*, hereinafter the ADEA). The Supreme Court granted the defendants' motion for summary judgment dismissing the complaint based on its determination that the plaintiff had failed to make a prima facie showing of discrimination based on disability or age, or retaliation. We agree.

To establish a prima facie case of disability discrimination under either the Executive Law or the ADA, a plaintiff must establish, inter alia, that he or she was otherwise qualified to perform the essential functions of the position, with or without a reasonable accommodation (*see* Executive Law § 292 [21]; *Thide v New York State Dept. of Transp.,* 27 AD3d 452, 453 [2006]; *Heyman v Queens Vil. Comm. for Mental Health for Jamaica Community Adolescent Program, Inc.,* 198 F3d 68, 72

[1999]). Similarly, to make a prima facie showing of age discrimination under either the Executive Law or the ADEA, a plaintiff must demonstrate that he or she was qualified to perform the essential functions of the position at issue (*see Ferrante v American Lung Assn.*, 90 NY2d 623, 629 [1997]; *Hardy v General Elec. Co.*, 270 AD2d 700, 701 [2000]; *Epstein v Kalvin-Miller Intl., Inc.*, 21 F Supp 2d 400, 403 [1998]). Here, the plaintiff failed to make a prima facie showing of either disability or age discrimination because he failed to establish that he could perform the essential functions of the position of police sergeant.

The plaintiff also failed to make a prima facie showing of retaliation. To make a prima facie showing of retaliation, a plaintiff must show that (1) he or she has engaged in protected activity, (2) the employer was aware that he or she participated in such activity, (3) he or she suffered an adverse employment action based upon the activity, and (4) there is a causal connection between the protected activity and the adverse action (*see Forrest v Jewish Guild for the Blind*, 3 NY3d 295, 313 [2004]; *Thide v New York State Dept. of Transp., supra; Gordon v New York City Bd. of Educ.*, 232 F3d 111, 116 [2000]). Here, the plaintiff failed to establish a causal connection between the protected activity and the adverse action. Accordingly, the Supreme Court properly granted summary judgment in favor of the defendants dismissing the complaint. Schmidt, J.P., Santucci, Skelos and Covello, JJ., concur.