In an action to recover damages for employment discrimination and retaliation pursuant to Executive Law § 296, the plaintiff appeals from an order of the Supreme Court, Kings County (Hinds-Radix, J.), dated July 3, 2007, which granted the defendants’ motion for summary judgment dismissing the complaint.
Ordered that the order is affirmed, with costs.
The plaintiff began working as a teacher for the defendant Board of Education of the City of New York (hereinafter the Board) in 1972. She suffers from depression, the symptoms of which include suicidal tendencies and loss of touch with reality. She began working at Prospect Heights High School, under the administration of the defendant principal Jerry Cioffi in 1990. In her second year, the plaintiff had to take three or four weeks off because of her depression. She applied to transfer to a different school, but did not state her depression as the reason for *649 requesting the transfer. The Board denied the transfer on the ground that the plaintiff did not have enough seniority. In the fall of 1993 the school briefly increased the number of students in her swim class from 25 to 40, and assigned her to teach a weight-training class. The plaintiff alleges that these actions were taken against her in retaliation for her filing a transfer request, and she commenced this action in April 1999.
In June 1999 the defendants moved pursuant to CPLR 3211 (a) to dismiss the complaint as time-barred. The Supreme Court denied the motion, and the defendants did not appeal. The defendants subsequently moved for summary judgment dismissing the complaint on the merits. In an order dated July 3, 2007 the same court granted the motion. The plaintiff appeals from that order, and we affirm.
“To state a prima facie case of employment discrimination due to a disability under Executive Law § 296, a plaintiff must show that he or she suffers from a disability and that the disability engendered the behavior for which he or she was discriminated against in the terms, conditions, or privileges of his or her employment” (Thide v New York State Dept. of Transp., 27 AD3d 452, 453 [2006]; see Matter of McEniry v Landi, 84 NY2d 554, 558 [1994]). Pursuant to Executive Law § 296 (7), it is unlawful to retaliate against an employee because he or she opposed statutorily-forbidden discriminatory practices. To make a prima facie showing of retaliation, a plaintiff must show that: (1) he or she participated in a protected activity, (2) the employer was aware of his or her participation in that activity, (3) the employer took an adverse employment action, and (4) there was a causal connection between the protected activity and the adverse employment action (see Forrest v Jewish Guild for the Blind, 3 NY3d 295, 313 [2004]).
In opposition to the defendants’ prima facie showing of entitlement to judgment as a matter of law, the plaintiff failed to raise a triable issue of fact. The plaintiff failed to present any evidence that her transfer request was denied due to her disability. She herself conceded that it was denied because she did not have enough seniority. Moreover, the record contains no evidence that the plaintiff ever complained about any discrimination. Therefore, she failed to raise a triable issue of fact as to whether she was engaged in an activity which would have given rise to a cause of action to recover damages for employment discrimination or retaliation, and the Supreme Court properly granted the defendants’ motion for summary judgment dismissing the complaint (see generally Zuckerman v City of New York, 49 NY2d 557, 562 [1980]).
*650 The defendants’ remaining contention is not properly before this Court (see Martin v Dominick, 280 AD2d 586 [2001]). Santucci, J.P., Covello, Leventhal and Belen, JJ., concur.