■ In the Matter of MELISSA MORTENSON, Petitioner, v SUFFOLK COUNTY POLICE DEPARTMENT et al., Respondents. [894 NYS2d 100]—

Proceeding pursuant to Executive Law § 298 to review a determination of the Commissioner of the New York State Division of Human Rights dated August 13, 2007, which adopted the recommendation and findings of an administrative law judge dated June 20, 2007, made after a hearing, finding, inter alia, that the petitioner did not establish that the respondents discriminated against her based upon her alleged disability or based upon her sex, and dismissed the administrative complaint.

Adjudged that the determination is confirmed, the petition is denied, and the proceeding is dismissed on the merits, with costs.

The petitioner, formerly a Suffolk County police officer, filed a complaint with the New York State Division of Human Rights (hereinafter DHR). The complaint subsequently was amended. Among other things, the petitioner alleged that the Suffolk County Police Department (hereinafter the SCPD) discriminated against her based on her alleged disability of postpartum depression, and based upon her sex. She also alleged that the SCPD impermissibly failed to make a reasonable accommodation for her alleged disability of postpartum depression, and impermissibly retaliated against her after she requested such an accommodation. After more than 20 days of hearings, an administrative law judge recommended that the petitioner's administrative complaint be dismissed. Thereafter, the Commissioner of the DHR (hereinafter the Commissioner) adopted that recommendation, and dismissed the administrative complaint. The petitioner then commenced this proceeding pursuant to Executive Law § 298 to review the Commissioner's determination.

"[T]he scope of judicial review under the Human Rights Law is extremely narrow and is confined to the consideration of whether the [DHR's] determination is supported by substantial evidence in the record" (*Matter of State Div. of Human Rights [Granelle]*, 70 NY2d 100, 106 [1987]). "Courts may not weigh the evidence or reject the [DHR's] determination where the evidence is conflicting and room for choice exists. Thus, when a rational basis for the conclusion adopted by the Commissioner is found, the judicial function is exhausted" (*id.* at 106).

In this case, substantial evidence supports the Commissioner's determination. Among other things, Executive Law § 291 (1) prohibits an employer from discriminating against an individual in the terms or conditions of employment, based upon that individual's sex or disability. The petitioner alleged, inter alia, that the SCPD unlawfully discriminated against her by failing to accommodate her alleged disability of postpartum depression. To make out a prima facie case pursuant to that theory, the

petitioner had to show, inter alia, that at the relevant time, she was suffering from a "disability" as that term is defined in the Executive Law (Executive Law § 292 [21]; *see Nichols v Memorial Sloan-Kettering Cancer Ctr.*, 36 AD3d 426, 427 [2007]; *Sirota v New York City Bd. of Educ.*, 283 AD2d 369, 370 [2001]), and that the SCPD had notice of the disability (*see Mitchell v Washingtonville Cent. School Dist.*, 190 F3d 1, 6 [1999]). Here, the petitioner failed to make a prima facie demonstration of either of those elements. Thus, substantial evidence supports the determination dismissing the petitioner's failure-to-accommodate claim.

Substantial evidence also supports the Commissioner's determination dismissing the petitioner's retaliation claim (*see Simeone v County of Suffolk*, 36 AD3d 890, 891 [2007]; *Thide v New York State Dept. of Transp.*, 27 AD3d 452, 453 [2006]).

The petitioner's remaining contentions are without merit. Rivera, J.P., Miller, Leventhal and Chambers, JJ., concur.