■ JOHN KULAYA, Appellant, v DUNBAR ARMORED, INC., Respondent. [972 NYS2d 659]—

In an action, inter alia, to recover damages for discrimination in employment on the basis of disability and age in violation of Executive Law § 296, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Suffolk County (Whelan, J.), dated April 4, 2011, as granted that branch of the defendant's motion which was for summary judgment dismissing the cause of action alleging discrimination on the basis of disability.

Ordered that the order is affirmed insofar as appealed from, with costs.

To state a prima facie case of employment discrimination due to a disability under Executive Law § 296, a plaintiff must show that he or she suffers from a disability and that the disability engendered the behavior for which he or she was discriminated against in the terms, conditions, or privileges of his or her employment (*see Ruane-Wilkens v Board of Educ. of City of N.Y.*, 56 AD3d 648, 649 [2008]; *Thide v New York State Dept. of Transp.*, 27 AD3d 452, 453 [2006]; *Timashpolsky v State Univ. of N.Y. Health Science Ctr. at Brooklyn*, 306 AD2d 271, 272 [2003]). If the plaintiff succeeds in establishing a prima facie case, the burden of proof shifts to the employer to demonstrate that the disability prevented the employee from performing the duties of the job in a reasonable manner or that the employer's action was motivated by legitimate nondiscriminatory reasons (*see Thide v New York State Dept. of Transp.*, 27 AD3d at 453; *Timashpolsky v State Univ. of N.Y. Health Science Ctr. at Brooklyn*, 306 AD2d at 272). If the employer establishes that it had valid nondiscriminatory reasons for its action, the burden shifts back to the plaintiff to raise a triable issue of fact as to whether the stated reasons were pretextual (*see Thide v New York State Dept. of Transp.*, 27 AD3d at 453).

Here, the defendant established its prima facie entitlement to judgment as a matter of law dismissing the cause of action alleging employment discrimination on the ground of disability by showing legitimate, independent, and nondiscriminatory reasons

for its employment decision (*see id.*; *Kipper v Doron Precision Sys.*, 194 AD2d 855, 856 [1993]). In opposition, the plaintiff failed to raise a triable issue of fact as to whether the reasons stated for his discharge from employment were pretextual (*see Pimentel v Citibank, N.A.*, 29 AD3d 141, 148 [2006]; *Kipper v Doron Precision Sys.*, 194 AD2d at 856; *King v Town of Wallkill*, 302 F Supp 2d 279, 291-292 [SD NY 2004]; *cf. Matter of Mair-Headley v County of Westchester*, 41 AD3d 600, 602-603 [2007]). Specifically, the plaintiff failed to raise a triable issue of fact as to whether there remained a full-time, light-duty position available after the defendant's relocation to a larger facility. Accordingly, the Supreme Court properly awarded summary judgment dismissing the cause of action alleging employment discrimination on the basis of disability. Skelos, J.P., Balkin, Austin and Sgroi, JJ., concur.