■ Todd Andaya, Appellant, v Atlas Air, Inc., Respondent. [44 NYS3d 553]—

In an action to recover damages for employment discrimination in violation of Executive Law § 296, the plaintiff appeals from an order of the Supreme Court, Westchester County, (Giacomo, J.), dated September 25, 2014, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff commenced this action against the defendant, his former employer, alleging that his employment was terminated in violation of Executive Law § 296 based on his sexual orientation and in retaliation for his complaints about gender and sexual orientation discrimination in the workplace. The defendant moved for summary judgment dismissing the complaint, submitting evidence that it had a legitimate,

nondiscriminatory reason for terminating the plaintiff's employment. The Supreme Court granted the motion, and the plaintiff appeals.

The defendant established its prima facie entitlement to judgment as a matter of law dismissing the cause of action to recover damages for employment discrimination pursuant to Executive Law § 296 by showing that it had a legitimate, nondiscriminatory reason for terminating the plaintiff's employment, and that there were no triable issues of fact as to whether its explanation for the termination was pretextual (*see Forrest v Jewish Guild for the Blind*, 3 NY3d 295, 305 [2004]; *Singh v Covenant Aviation Sec., LLC*, 131 AD3d 1158, 1159 [2015]). In opposition to the motion, the plaintiff failed to raise a triable issue of fact as to whether the reason proffered by the defendant was merely pretextual (*see Forrest v Jewish Guild for the Blind*, 3 NY3d at 305; *Furfero v St. John's Univ.*, 94 AD3d 695, 698 [2012]).

The defendant also established its prima facie entitlement to judgment as a matter of law dismissing the cause of action alleging retaliation for opposing discriminatory practices by submitting evidence that the plaintiff's employment was terminated for legitimate, nonretaliatory reasons (*see Forrest v Jewish Guild for the Blind*, 3 NY3d at 313; *Thide v New York State Dept. of Transp.*, 27 AD3d 452, 454 [2006]). In opposition, the plaintiff failed to raise a triable issue of fact.

The plaintiff's remaining contention is without merit (*see Forrest v Jewish Guild for the Blind*, 3 NY3d at 311; *Chiara v Town of New Castle*, 126 AD3d 111, 126 [2015]).

Accordingly, the Supreme Court properly granted the defendant's motion for summary judgment dismissing the complaint. Dillon, J.P., Hall, Hinds-Radix and Brathwaite Nelson, JJ., concur.