Nordenstam v State Univ. of N.Y. Coll. of Envtl. Science & Forestry (2020 NY Slip Op 03346)





Nordenstam v State Univ. of N.Y. Coll. of Envtl. Science & Forestry


2020 NY Slip Op 03346


Decided on June 12, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 12, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., LINDLEY, DEJOSEPH, NEMOYER, AND TROUTMAN, JJ.


992 CA 18-02349

[*1]BRENDA J. NORDENSTAM, PLAINTIFF-APPELLANT,
v
STATE UNIVERSITY OF NEW YORK COLLEGE OF ENVIRONMENTAL SCIENCE & FORESTRY, DEFENDANT-RESPONDENT. 






BOSMAN LAW FIRM, LLC, BLOSSVALE (A.J. BOSMAN OF COUNSEL), FOR PLAINTIFF-APPELLANT. 
LETITIA JAMES, ATTORNEY GENERAL, ALBANY (SARAH L. ROSENBLUTH OF COUNSEL), FOR DEFENDANT-RESPONDENT. 


 Appeal from an order of the Supreme Court, Onondaga County (Anthony J. Paris, J.), entered May 9, 2018. The order granted defendant's motion for summary judgment and dismissed the complaint. 
It is hereby ORDERED that the order so appealed from is unanimously modified on the law by denying the motion in part and reinstating the first, second, third, and sixth causes of action, and as modified the order is affirmed without costs.
Memorandum: Plaintiff, a tenured associate professor employed by defendant, State University of New York College of Environmental Science & Forestry, commenced this action alleging, inter alia, that defendant discriminated against her on the basis of sex and disability and retaliated against her after she complained of discrimination. Plaintiff now appeals from an order granting defendant's motion for summary judgment dismissing the complaint.
Contrary to plaintiff's contention, Supreme Court properly granted the motion with respect to the seventh through ninth causes of action, alleging disparate treatment and disability discrimination that was based on defendant's purported refusal to provide reasonable accommodations for her disability in violation of the Americans with Disabilities Act ([ADA] 42 USC § 12101 et seq.), Rehabilitation Act of 1973 (29 USC § 701 et seq.), and Human Rights Law ([NYSHRL] Executive Law § 290 et seq.), respectively. Those statutes provide that, to establish a prima facie case of discrimination based upon the denial of a reasonable accommodation, plaintiff "must prove that he or she is a person with a disability, that the employer had notice of the disability, that he or she could perform the essential functions of the job with a reasonable accommodation and that the employer refused that reasonable accommodation" (Graham v New York State Off. of Mental Health, 154 AD3d 1214, 1217-1218 [3d Dept 2017]; see Matter of Abram v New York State Div. of Human Rights, 71 AD3d 1471, 1473 [4th Dept 2010]; Stone v City of Mount Vernon, 118 F3d 92, 96-97 [2d Cir 1997], cert denied 522 US 1112 [1998]). Here, defendant met its initial burden on the motion with respect to those causes of action by establishing that an essential function of plaintiff's job was teaching and that plaintiff's requested accommodation, i.e., that she be allowed to work part time without teaching any courses, was unreasonable (see generally Pimentel v Citibank, N.A., 29 AD3d 141, 146, 151 [1st Dept 2006], lv denied 7 NY3d 707 [2006]). In opposition, plaintiff failed to raise a triable issue of fact with respect thereto (see McCarthy v St. Francis Hosp., 41 AD3d 794, 794 [2d Dept 2007], lv denied 9 NY3d 813 [2007]; see also Pimentel, 29 AD3d at 149; see generally Warren v Volusia County, Fla., 188 Fed Appx 859, 862-863 [11th Cir 2006], cert denied 549 US 1207 [2007]).
We agree with plaintiff, however, that the court erred in granting the motion with respect to the second cause of action, alleging violations of the Equal Pay Act of 1963 ([EPA] 29 USC § 206 [d], as added by Pub L 88-38, 77 US Stat 56), and with respect to the first and third causes of action, alleging gender discrimination in violation of Title VII of the Civil Rights Act of 1964 ([Title VII] 42 USC, ch 21, § 2000e et seq.) and the NYSHRL, respectively. We therefore modify the order accordingly.
With respect to the cause of action alleging violations of the EPA, defendant failed to establish as a matter of law that the difference in pay between plaintiff and a less senior male colleague who performed similar work under similar conditions "is due to a factor other than sex" (Beck-Wilson v Principi, 441 F3d 353, 365 [6th Cir 2006]; see also U.S. Equal Empl. Opportunity Commn. v Maryland Ins. Admin., 879 F3d 114, 121 [4th Cir 2018]; see generally Tenkku v Normandy Bank, 348 F3d 737, 741 n 2 [8th Cir 2003]). Although defendant contends that the pay disparity was the result of a merit system (see 29 USC § 206 [d] [1]), the evidence it submitted in support of the motion failed to demonstrate as a matter of law that there was " an organized and structured procedure whereby employees are evaluated systematically according to predetermined criteria' " and that the employees were aware of the purported merit system (Ryduchowski v Port Auth. of New York and New Jersey, 203 F3d 135, 142-143 [2d Cir 2000], cert denied 530 US 1276 [2000]). The second cause of action should therefore be reinstated.
With respect to the causes of action for sexual discrimination under Title VII and the NYSHRL, we conclude that issues of fact exist whether defendant's challenged actions were "based upon nondiscriminatory reasons," and thus summary judgment is precluded on those causes of action (Ferrante v American Lung Assn., 90 NY2d 623, 629 [1997]; see Forrest v Jewish Guild for the Blind, 3 NY3d 295, 305 [2004]). Indeed, defendant offered inconsistent and shifting justifications for the pay disparity (see generally Morse v Wyoming County Community Hosp. & Nursing Facility [appeal No. 2], 305 AD2d 1028, 1029 [4th Dept 2003]). We therefore conclude that the first and third causes of action should also be reinstated (see generally Ferrante, 90 NY2d at 631).
Additionally, we agree with plaintiff that the court erred in granting the motion with respect to the sixth cause of action, alleging violations of the NYSHRL based on unlawful retaliation, and we further modify the order accordingly. To establish a claim for unlawful retaliation under the NYSHRL, a plaintiff must show that "(1) she has engaged in protected activity, (2) her employer was aware that she participated in such activity, (3) she suffered an adverse employment action based upon her activity, and (4) there is a causal connection between the protected activity and the adverse action" (Forrest, 3 NY3d at 313). Insofar as relevant here, a defendant may establish entitlement to summary judgment in a retaliation case if the defendant " demonstrate[s] that the plaintiff cannot make out a prima facie claim of retaliation' " (Calhoun v County of Herkimer, 114 AD3d 1304, 1306 [4th Dept 2014]). Contrary to plaintiff's contention, defendant's denial of plaintiff's request to return to work part time without any teaching duties and its requirement that she retain an administrative role that fell " within the duties of [her]
position' " were not adverse employment actions (Grant v New York State Off. for People with Dev. Disabilities, 2013 WL 3973168, *7 [ED NY 2013]; see Sirota v New York City Bd. of Educ., 283 AD2d 369, 370 [1st Dept 2001]), and thus plaintiff " cannot make out a prima facie claim of retaliation' " with respect to those allegations (Calhoun, 114 AD3d at 1306; see generally Forrest, 3 NY3d at 305). However, issues of fact exist whether defendant unlawfully retaliated against plaintiff after she complained of gender discrimination when it required her to retain her position as the undergraduate coordinator while at the same time maintaining her regular course load (see Vega v Hempstead Union Free Sch. Dist., 801 F3d 72, 88 [2d Cir 2015]; see also Kelleher v Wal-Mart Stores, Inc., 817 F3d 624, 631 [8th Cir 2016]; Sellers v Deere & Co., 791 F3d 938, 944 [8th Cir 2015]). While defendant met its initial burden on the motion with respect to that allegation by submitting evidence that plaintiff's supervisor was unaware of plaintiff's discrimination complaint at the time this action was taken and that there was no causal connection between the action and that complaint, we conclude that plaintiff raised a triable issue of fact with respect to those two elements of her prima facie case (see Calhoun, 114 AD3d at 1306). The sixth cause of action must therefore be reinstated.
Finally, contrary to plaintiff's contention, the court properly granted the motion with respect to the fifth cause of action, alleging violations of Title VII based on unlawful retaliation, [*2]because plaintiff failed to exhaust her administrative remedies with respect thereto (see Sydnor v Fairfax County, Va., 681 F3d 591, 593-594 [4th Cir 2012]; see generally Patrowich v Chemical Bank, 98 AD2d 318, 323-324 [1st Dept 1984], affd 63 NY2d 541 [1984]; Jones v Needham, 856
F3d 1284, 1290 [10th Cir 2017]).
Entered: June 12, 2020
Mark W. Bennett
Clerk of the Court