Rizzo v Board of Educ. of E. Aurora Union Free Sch. Dist. (2026 NY Slip Op 01692)

Rizzo v Board of Educ. of E. Aurora Union Free Sch. Dist.

2026 NY Slip Op 01692

Decided on March 20, 2026

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 20, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: MONTOUR, J.P., SMITH, OGDEN, GREENWOOD, AND DELCONTE, JJ.

952 CA 24-01314

[*1]JULIE KELLER RIZZO, PLAINTIFF-APPELLANT,
vBOARD OF EDUCATION OF EAST AURORA UNION FREE SCHOOL DISTRICT, EAST AURORA UNION FREE SCHOOL DISTRICT AND BRIAN D. RUSS, DEFENDANTS-RESPONDENTS. 

RUPP PFALZGRAF LLC, BUFFALO (MATTHEW D. MILLER OF COUNSEL), FOR PLAINTIFF-APPELLANT. 
WEBSTER SZANYI LLP, BUFFALO (HEATHER L. DECHERT OF COUNSEL), FOR DEFENDANTS-RESPONDENTS. 

 Appeal from an order of the Supreme Court, Erie County (Diane Y. Devlin, J.), entered July 11, 2024. The order granted the motion of defendants for summary judgment and dismissed the complaint. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiff commenced this action under the New York State Human Rights Law ([NYSHRL] Executive Law § 290 et seq.) asserting causes of action for, inter alia, disability discrimination, failure to reasonably accommodate, and retaliation. Supreme Court granted defendants' motion for summary judgment dismissing the complaint, and plaintiff now appeals. We affirm.
Plaintiff is a middle school teacher employed by defendant East Aurora Union Free School District (District), which closed to in-person instruction in March 2020 in response to the COVID-19 pandemic. In the summer of 2020, the District began preparations to reopen with a hybrid educational model, under which students would be split into groups that would rotate in-person attendance, while teachers and aides would be present in person five days a week to provide instruction and supervision. Plaintiff, who has a genetic immune deficiency, requested an accommodation allowing her to work remotely and teach from her home to avoid exposure to groups of people and shared facilities. Defendants responded to plaintiff's accommodation request with an interactive inquiry into potential accommodations, ultimately concluding that in-person attendance was an essential function of plaintiff's employment as a middle school teacher and offering an unpaid, job-protected leave of absence. Plaintiff did not return to in-person work until the fall of 2021.
To establish a prima facie case of discrimination under the NYSHRL, a plaintiff must establish, inter alia, that they were "otherwise qualified to perform the essential functions of the position, with or without a reasonable accommodation" (Simeone v County of Suffolk, 36 AD3d 890, 890 [2d Dept 2007]; see Executive Law § 292 [21]; Fama v American Intl. Group, 306 AD2d 310, 312 [2d Dept 2003], lv denied 1 NY3d 508 [2004]). Where "an employee has a physical impairment that prevents the employee from performing the core duties of [their] job even with a reasonable accommodation, the employee does not have a disability covered by the statute, and consequently, the employer is free to take adverse employment action against the employee based on that impairment" (Jacobsen v New York City Health & Hosps. Corp., 22 NY3d 824, 834 [2014]; see § 292 [21]). Here, defendants met their initial burden on the motion by establishing that they engaged in "a good faith interactive process that assesse[d] the needs of [*2][plaintiff as a] disabled individual and the reasonableness of the accommodation requested" (Martin v United Parcel Serv. of Am., Inc., 104 AD3d 1173, 1174 [4th Dept 2013] [internal quotation marks omitted]), and that, because an essential function of plaintiff's employment was supervising middle school children present in the school, her requested accommodation, i.e., that she be allowed to teach from home, was unreasonable (see Nordenstam v State Univ. of N.Y. Coll. of Envtl. Science & Forestry, 184 AD3d 1157, 1158 [4th Dept 2020]; see generally Pimentel v Citibank, N.A., 29 AD3d 141, 146, 151 [1st Dept 2006], lv denied 7 NY3d 707 [2006]). In opposition, plaintiff failed to raise a triable issue of fact with respect thereto (see Nordenstam, 184 AD3d at 1158; McCarthy v St. Francis Hosp., 41 AD3d 794, 794 [2d Dept 2007], lv denied 9 NY3d 813 [2007]; Pimentel, 29 AD3d at 149).
We have considered plaintiff's remaining contention and conclude that it is without merit.
Entered: March 20, 2026
Ann Dillon Flynn
Clerk of the Court